[S. F. No. 972. Department One.—May 15, 1899.]

# EDWARD ACKLEY, Appellant, v. J. R. FISHBECK, Respondent.

APPEAL— ORDER DENYING NEW TRIAL—INSUFFICIENT STATEMENT.—An appeal from an order denying a new trial cannot be considered where the statement on the motion for a new trial does not contain, as part thereof, any specification of errors, but there is merely appended thereto what is designated as an "assignment of errors," which forms no part of the statement, and is not authenticated as part of the record, and does not appear to have been considered on the motion for a new trial.

ID.—REVIEW UPON APPEAL FROM JUDGMENT.—Where the statement used in the motion for a new trial is insufficient for want of a proper specification of errors, the review upon appeal from the judgment must be confined to determining only whether the findings support the judgment.

ID.—ACTION FOR SERVICES OF PHYSICIAN—STATUTE OF LIMITATIONS—REVIEW OF FINDINGS—EVIDENCE NOT CONSIDERED.—In an action to recover for the services of a physician, where the court finds that the services were rendered without express agreement for any stipulated time or sum of money; that the charges made were for each visit; that the physician might at any time have rendered his bill or have been discharged from further service; and concludes that all items of service rendered more than two years prior to the commencement of the action were barred by the statute of limitations; such findings support a judgment for plaintiff only for the items of service not so barred; and if the evidence cannot be examined to determine whether it supports such findings for want of a proper statement on motion for a new trial, the judgment and order denying a new trial must be affirmed.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge.

The facts are stated in the opinion.

Moses G. Cobb, for Appellant.

William W. Guth, for Respondent.

CHIPMAN, C.—Action for services as physician rendered by plaintiff's assignor, Dr. Daywalt, to the wife of defendant, at the city and county of San Francisco, from February 1, 1892, to April 1, 1894, when the patient died. Plaintiff's counsel

in his brief states the case as follows: "The wife's sickness was of a malignant character; and the physician's attendance and treatment was part of the time daily, and part of the time weekly or monthly, according as the disease advanced, or according to the wife's presence in or absence from San Francisco. The cause was tried by the court without a jury—the contention being, on the part of plaintiff, that the sickness treated was continuous and the same sickness throughout the whole time, and that the statute of outlawry only began to run from the termination of the service; that the last item in the account drew after it, or took in all the preceding items because a part of the same transaction." Defendant denied the indebtedness and pleaded the statute of limitation, and his contention was that each day's service was a separate cause of action, and the statute ran from each day, as the service was rendered. The court gave judgment for five days' attendance, or only those attendances that were within the two years before the complaint was filed. The appeal is from the judgment and from an order denying motion for new trial, and comes here on a statement of the case.

1. The statement contains no assignment or specifications of errors. There is appended to the statement, but forming no part of it, what is designated as "assignment of errors," but it is not authenticated as part of the record and is excepted from the stipulation certifying to the contents of the transcript. There is nothing to show that it was considered on the motion for a new trial. The appeal from the order is here, therefore, without any specifications of errors, and cannot be considered. (Code Civ. Proc., sec. 659, subd. 3; *Sprigg v. Barber*, 122 Cal. 573, and cases there cited.)

2. The appeal from the judgment alone can be considered, and we are to determine only whether the findings support the judgment. The court found that plaintiff's assignor attended defendant's wife at different times "without any express agreement with her or with defendant to attend her for any stipulated length of time, or any stipulated sum of money"; that Dr. Daywalt was "free to render his account for services up to any time and collect for the same"; that he charged three dollars for each visit to the house of defendant and two dollars

for each visit at his office, which were reasonable charges, and that defendant's wife paid said doctor from time to time on account of his attendance, and that defendant and his said wife were free at any time to dispense with said doctor's services and employ another physician; that said doctor rendered a bill for five hundred and five dollars against defendant, no part of which has been paid; that said doctor attended plaintiff's wife on March 28th, 29th, 30th, and 31st, and April 1, 1894; that plaintiff brought suit March 28, 1896; and, as conclusions of law, the court found that all the items of service rendered more than two years prior to the commencement of the action were barred by the statute of limitations, and plaintiff could only recover for services rendered on and after March 28, 1896, to wit, the sum of fifteen dollars for visits on March 28th, 29th, 30th, and 31st, and April 1, 1894. Judgment was accordingly entered. The findings support the judgment; and, as we cannot examine the evidence to determine whether it supports the findings, the judgment and order should be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Harrison, J., Van Dyke, J., Garoutte, J.

Hearing in Bank denied.