[Civ. No. 13066. Second Dist., Div. Two.—June 27, 1941.]

GEORGE A. JOHNSTONE, Respondent, v. E & J MANU-
FACTURING COMPANY, INC. (a Corporation) et al.,
Defendants; C. N. ERICKSON, Appellant.

Joseph D. Taylor for Appellant.

Henry Brouillette for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after
trial before the court without a jury in an action to recover
$22,702, the alleged reasonable value of services alleged to
have been rendered to defendants, defendant C. N. Erickson
appeals.

The evidence being viewed most favorably to plaintiff (respondent), the essential facts are:

Plaintiff, a physican and surgeon, in 1925 conceived the idea of manufacturing a resuscitator and gas anesthetic machine. He entered into a partnership with defendant Erickson to manufacture the same. This they did until 1926 when plaintiff and said defendant incorporated the E & J Manufacturing Company, Inc. portions of the stock being purchased by plaintiff and said defendant. The corporation continued the business formerly conducted by the partnership.

August 1, 1933, defendant Erickson purchased the E & J Manufacturing Company, Inc. stock owned by plaintiff, and thereafter continued the business himself under the firm name of E & J Manufacturing Company. From August 4, 1933, to and including May 10, 1938, plaintiff at various times furnished to defendant Erickson technical and professional services and advice in connection with the business which said defendant was operating. Such services were not rendered pursuant to any written agreement or contract nor was any time specified for the payment of the services. From August 1, 1937, to May 10, 1938, plaintiff devoted only six and one-half hours of time to defendant, which services were of the reasonable value of $10.00 an hour. All other services were prior to August 1, 1937. The present action was filed July 31, 1939.

This is the question which it is material for us to determine:

_Did the statute of limitations (Code Civ. Proc. § 339, subd. 1) fixing a two year period of limitations upon actions not founded upon a written obligation or falling under the provisions of section 337 of the Code of Civil Procedure bar plaintiff's right of recovery for services rendered to defendant prior to August 1, 1937?_

This question must be answered in the affirmative. It is the general rule that an action upon a contract, obligation, or liability not evidenced by an instrument in writing is barred two years after the cause of action arises (Code Civ. Proc. § 339, subdiv. 1).

There are two recognized exceptions to this general rule:[1]

---

[1]The following statement, "But if the contract is for an indefinite time and no time for payment is specified, the statute

1) If services are performed for a stated sum without any agreement as to when payment is to be made and the contract is entire, the obligation to pay does not arise until the services are completely performed (*Hagan* v. *McNary,* 170 Cal. 141, 143 [148 Pac. 937, L. R. A. 1915E, 562].)

2) Where services are rendered over a period of time under an express or implied agreement that they shall be paid for at the termination thereof, the statute of limitations begins to run from the time the last service is rendered (*Corato* v. *Estate of Corato,* 201 Cal. 155, 159 [255 Pac. 825]; *Mayborne* v. *Citizens T. & S. Bank,* 46 Cal. App. 178, 189 [188 Pac. 1034].)

The evidence in the present case does not bring it within the purview of either one of the exceptions to the general rule. The contract was not entire. The plaintiff having given his advice and assistance relative to a particular matter, the services were complete and were not dependent upon those previously rendered or subsequently furnished. Neither can it be implied from the evidence that it was the intention of the parties that the services were not to be paid for until all advice and assistance to defendant had been furnished. Plaintiff's claim for services is simply one upon an implied obligation to pay for services rendered. That obligation accrued after the services were performed and became an existing debt payable *in praesenti.* Consequently the statute of limitations commenced to run from the date the services were rendered. The present case, therefore, falls within the purview of the general rule above stated as applied in *Osborn* v. *Hopkins,* 160 Cal. 501, 506 [117 Pac. 519, Ann. Cas. 1913A, 413]; *Ackley* v. *Fishbeck,* 124 Cal. 409, 410 [57 Pac. 207]; and *Hocker* v. *Glover,* 113 Cal. App. 152, 156 [298 Pac. 72].

For the foregoing reasons plaintiff's right to recover for any services rendered prior to August 1, 1937, was barred by sec. 339, subdiv. 1, Code Civ. Proc. and, since the record discloses that subsequent to this date he rendered only services of the reasonable value of $65, the judgment appealed from is modified to provide that plaintiff recover from defendant the sum of $65, together with interest thereon from September

does not begin to run until the services end" (27 Cal. Jur. [1926] 218, sec. 24), is not an accurate statement of the law. Such rule is applicable only when the conditions mentioned in the two exceptions to the general rule exist.

14, 1937, and that defendant recover his costs incurred in the lower court. (See Code Civ. Proc., § 1032, subd. a.)

As thus modified the judgment is affirmed.

Moore, P. J., concurred.

Wood, J., dissented.