[Civ. No. 14965. Second Dist., Div. One. Dec. 26, 1945.]

CHARLES EDWARD INGLE, Appellant, v. BAY CITIES TRANSIT COMPANY (a Corporation), Respondent.

Paul R. Smith for Appellant.

Tripp, Callaway, Sampson & Dryden and DeWitt Morgan Manning for Respondent.

DORAN, J.—This is an action for damages for personal injuries and property damage caused by a collision between plaintiff's automobile and a bus belonging to defendant transportation company. A trial by the court resulted in a judgment for defendant from which plaintiff appeals.

The record reveals that defendant, as a common carrier, operated passenger busses in the city of Santa Monica. On September 4, 1943, the date of the accident, Joe Holmberg was, and had been since June 3, 1943, employed by defendant as a bus driver. On the day of the accident Holmberg, who operated a bus on regular schedules to the Douglas Aircraft Company, had completed the usual trips at 9:30 p.m., but was scheduled to make one more trip over the same route at about 11:30 p.m. Richard Tidwell was employed by defendant at the garage or base where the busses were kept and prepared for use. Quoting from respondent's brief, the sequence of events leading up to the accident occurred as follows:

"Holmberg came into Tidwell's office and inquired 'if he could take his run out.' He was drunk at that time. Tidwell told him he was in no shape to take the run out. Holmberg went and got into the bus which had been put out by Tidwell for the run and Tidwell pulled him out, told him to get out, and took the bus and backed it up and parked it against the fence about 25 feet or 30 feet away. Another bus undergoing repairs was parked nearby and Holmberg took that bus and drove out into the street before Tidwell got back. The bus taken was not the one assigned to the Douglas run. There was nothing to indicate to Tidwell, at the time he took the bus from Holmberg and told him not to drive, that Holmberg conceivably might take any other bus although not so authorized. The accident occurred just outside the lot adjacent to

the defendant bus company's garage on 4th Street in Santa Monica.''

The findings recite ''That it is not true that the defendant BAY CITIES TRANSIT COMPANY was driving or operating said passenger bus, which collided with said plaintiff; and that it is not true that said passenger bus was being driven by any agent, servant or employee of said defendant BAY CITIES TRANSIT COMPANY while acting within the scope or course of such agent's, servant's or employee's authority; and that it is not true that the defendant BAY CITIES TRANSIT COMPANY was reckless, careless or negligent in the premises.'' Appellant contends in effect that said finding was error as a matter of law and that the evidence fails to support such finding. In that connection it is argued that Tidwell was without authority to ''destroy'' the relation of employer and employee and that, at the time of the accident, Holmberg was an employee of defendant, ''acting within the scope of his employment.''

Respondent, on the contrary, argues that ''the court's implied finding that Tidwell, respondent's night foreman, had authority to forbid the use of a bus by Holmberg is fully supported in the evidence and the fact that different conclusions might be drawn from the evidence makes the question of the scope of Tidwell's authority one of fact which the trier of the facts resolved against appellant and which therefore cannot be disturbed on appeal.''

Actually there was no conflict in the evidence. As to the issue here considered, the witnesses consisted of Jess Anderson, the president of defendant company, Charles Clark, supervisor for defendant company, both of whom testified that Tidwell was the ''night foreman,'' and Tidwell, who testified that ''my duties was night foreman and second class mechanic.'' Referring to Holmberg's conduct on the night in question, Tidwell testified in part that ''he (Holmberg) was drunk at the time;'' ''too drunk to take out a bus.'' ''We always have the bus ready for that run, and he went and got in his bus and I told him he could not take it out, and I pulled him out and told him to get out and I taken the bus and backed it up and parked it up against the fence,'' . . . ''when I came back from parking the bus I taken away from him, he done got in another bus and ran into the car.'' It appears that included among Tidwell's duties was the prepara-

tion of busses for use and the designation of such busses for the drivers to use.

It is argued by respondent "that Tidwell was in charge of the busses, that he told the drivers what busses to take and without his designation of the bus the driver had no authority to take a bus." And further that, "In the instant case, defendant employer is not basing its freedom from liability on the ground that Holmberg was told not to get drunk or not to be negligent, but squarely on the ground that Holmberg was forbidden to operate at all any bus whatsoever of the defendant respondent on the night in question."

The record falls far short of supporting respondent's argument, in substance or effect. The record is destitute of evidence that Tidwell had any authority over Holmberg. Although the president of the company, the supervisor and Tidwell testified that Tidwell was "foreman," the company payroll classified Tidwell merely as a shop employee. Moreover, the extent of Tidwell's authority was not shown by the evidence. To the question, "What were your duties on the night of the accident," Tidwell replied, "My duties was night foreman and second class mechanic." The use of the word "foreman" by the above witness was evidence of nothing, so far as the relationship of employer and employee is concerned as between the defendant company and Holmberg. Nor did the use of the word "foreman" in the circumstances justify any inference that Tidwell had the power and authority to terminate that relationship. In the light of the record, Tidwell's position and conduct were not determinative of the question as to whether Holmberg was "acting within the scope of his employment" when the accident occurred. There is no evidence that Tidwell had any authority over Holmberg; nor is there any evidence that Holmberg was not an employee of defendant corporation at the time the accident occurred.

It is a logical inference from the evidence that, as a matter of law, Holmberg was both a servant and an agent of defendant corporation as those terms are defined by section 3000 of the Labor Code and section 2295 of the Civil Code, respectively. And the question of liability must be determined accordingly. Section 2338 of the Civil Code provides that, "Unless required by or under the authority of law to employ that particular agent, a principal is responsible to third persons for the negligence of his agent in the transaction of the business of the agency, including wrongful acts committed

by such agent in and as a part of the transaction of such business, and for his willful omission to fulfill the obligations of the principal." The fact that Holmberg appeared for work in an intoxicated condition manifestly did not terminate the relationship. And the likelihood of such a contingency was something which the innocent victim of the consequences could not be expected to guard against. The operation of a bus for the "run" to the Douglas plant was a "service" and a "transaction" which Holmberg was employed to do and perform. The fact that it was attempted in the manner herein described did not make it any the less "an act within the scope of employment." For the "consequences" thereof, the master and principal is "responsible to third persons."

The evidence does not support the findings as recited above, for which reason the judgment is reversed.

York, P. J., and White, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied February 21, 1946. Schauer, J., and Spence, J., voted for a hearing.