[Civ. Nos. 4754, 4741. Fourth Dist. Jan. 25, 1954.]

DAVID W. HEILMAN, Appellant, v. CLARA L. HEILMAN, Respondent.

C. E. Crowley for Appellant.

Edgar C. Keller for Respondent.

MUSSELL, J.—On October 2, 1951, plaintiff filed this action for divorce in San Bernardino County, California, alleging, among other matters, that the custody of the minor child of the parties had been awarded to plaintiff's parents by virtue of a decree of divorce rendered in the state of Kansas and that certain real and personal property described therein was community property. The prayer of the complaint was for a divorce, judgment that the real and personal property be awarded to plaintiff and that the custody of the child be awarded in accordance with the Kansas decree.

Defendant, in her answer, denied plaintiff's allegations of cruelty; denied that the Kansas decree was still in effect and denied that the real and personal property described in the

complaint was community property. She also filed a cross-complaint alleging cruelty as a ground for divorce and sought an award of the community property, temporary custody of the child, temporary support and maintenance, costs and attorney's fees.

During the trial of the action defendant was permitted to file an amendment to her second amended cross-complaint asking for the custody of the said minor child. The trial court also permitted plaintiff to amend his complaint to include an allegation placing the question of the custody of said child in issue.

The trial court found against plaintiff's allegation of cruelty and in favor of defendant on her cross-complaint, awarded her certain property and the custody of the said child subject to reasonable visitation by plaintiff. Subsequent to the rendition of the judgment defendant applied to the court for an allowance of attorney's fees and costs on appeal.

Plaintiff appeals from the interlocutory judgment of divorce and from the orders allowing attorney's fees and costs on appeal and by stipulation, both appeals have been consolidated. The main question before us is whether the court erred in awarding the custody of the minor child to the defendant.

Plaintiff and defendant were first married in Kansas in 1942 and in 1946 the minor child involved was born. On June 1, 1949, the parties were divorced by a Kansas decree which gave custody of the child to plaintiff's parents, subject to reasonable visitation by both parties. On October 20, 1949, plaintiff and defendant remarried, resumed marital relations, took back custody of the child and brought him to California. The child then remained with his parents in California until their separation in June, 1951, except for a period of approximately three months when he was taken to Kansas where he spent some time with his grandparents.

Plaintiff and defendant purchased a home and furniture in California. The down payment on the house amounted to $1,500 and the full purchase price of the furniture was paid by defendant from her separate property. Subsequent payments on the house were made from plaintiff's earnings during the marriage, from other sums received by him from the sale of wheat and out of money secured from his parents. At some time during the marriage plaintiff also acquired a half interest in a filling station. On June 18, 1951, plaintiff and defendant separated. Defendant took the child with her to

Kansas. She there visited plaintiff's parents and then went to Idaho where she filed a divorce action on October 2, 1951. Upon being served with papers in the instant action, she brought the child to California and filed an appearance in this action. The child was in California from December, 1951, until after the trial in the instant action and while the decision therein was pending, he was taken back to Kansas by plaintiff's parents.

Plaintiff first argues that the second amended cross-complaint failed to state a cause of action for divorce or the custody of the child. The cross-complaint, in addition to the required statement of statistical matters, contains allegations of extreme cruelty, both generally and specifically and sufficiently states a cause of action for divorce. While there was no attempt in this pleading to obtain custody of the child, by subsequent amendment thereto during the trial and by request of counsel for plaintiff, the question of custody was put in issue and properly determined by the trial court. Plaintiff argues that the trial court lacked jurisdiction to make such a determination because of the provisions of the Kansas decree. In this connection the court found that after the Kansas decree, the parties became reconciled and remarried; that they took back custody of said child with the knowledge of plaintiff's parents and without opposition from them or either of them; that thereafter and until June 18, 1951, plaintiff and defendant retained the custody and control of said child; that plaintiff's parents accepted and treated such retention of custody as proper and legal; that since the entry of the Kansas decree, the conditions and circumstances of the parties have changed greatly; that the parties set up housekeeping again in California; that defendant was chronically ill and unable to properly care for said child at the time of said decree; that she thereafter underwent surgical treatment and at all times since these proceedings were instituted has been in good health and will be able to care for said child; that she is the proper person to have the care, custody and control of said child and that it is for the best interests of said child that defendant have his custody subject to reasonable visitation by plaintiff. These findings are supported by substantial evidence and cannot be here disturbed. (*Berniker* v. *Berniker*, 30 Cal.2d 439, 444 [182 P.2d 557].) As heretofore noted, the child involved was in California, within the jurisdiction of the court, residing with defendant at the time the second amended cross-complaint was filed, and at all times

thereafter throughout the trial of the action. In *Sampsell* v. *Superior Court*, 32 Cal.2d 763 [197 P.2d 739], it was held that there is no question that the courts of a particular state have jurisdiction to determine a child's custody if the court has jurisdiction in personam of both parents and the child is physically present and domiciled within the state; that there is authority for the proposition that two or more states may have concurrent jurisdiction over the custody of the child; that in the interests of the child there is no reason why the state where the child is actually living may not have jurisdiction to act to protect the child's welfare and there is likewise no reason why other states should not also have jurisdiction; that if the child is living in one state but is domiciled in another, the courts of both states may have jurisdiction over the question of its custody.

In *Foster* v. *Foster*, 8 Cal.2d 719, 726 [68 P.2d 719], it is said:

"The jurisdiction of the Superior Court of the County of Los Angeles to make an order modifying the South Dakota decree cannot be challenged upon the ground that the decree of South Dakota was *res judicata* and could not be changed. It is well recognized that a decree of a court in this state awarding the custody of a minor child of divorced parents to either party in a divorce proceeding has no permanent finality and that it is later subject to change and modification by the same court. This power is expressly reserved to that court by section 138 of the Civil Code. This rule that custody orders are subject to modification applies not only to such orders made and entered by courts of this state, but also to such former orders of courts of other states. As was said in *Anthony* v. *Tarpley*, 45 Cal.App. 72, 79 [187 Pac. 779] : 'The child being within this jurisdiction, the courts of this state are not precluded by any judgment or order of a sister state from inquiring into and determining in its own behalf what are the best interests of the child.' "

In *In re Inman*, 32 Cal.App.2d 130, 134 [89 P.2d 421], the court said: "The child being within this jurisdiction, the courts of the state are not precluded by any judgment or order of a sister state from inquiring into and determining on their own behalf what are the best interests of the child. The decree of a sister state is never a bar to inquiry as to the best interests of a child."

In the instant case the court found that there was a change of circumstances since the rendition of the Kansas decree.

Plaintiff and defendant submitted the question of custody of the child to the court for decision and the child was living in California at the time of trial. Under these circumstances, we conclude that the trial court had power to make the questioned custody order.

■ Plaintiff argues that the evidence does not support a judgment granting the defendant a divorce. This argument is without merit. The evidence shows that plaintiff used profanity toward the defendant; that he struck her and left black and blue marks on her arms; that he slapped her across the face; that he was quarrelsome and sarcastic; that he discussed defendant's alleged faults in the presence of their son; and that he refused to pay the doctor bill for defendant's operation, telling her that it was her worry. These facts were amply sufficient to sustain an action for divorce on the ground of extreme cruelty. Furthermore, the question was one of fact for the trial court. (*Keener* v. *Keener*, 18 Cal.2d 445, 447 [116 P.2d 1].)

■ Plaintiff next argues that the evidence does not support the findings and judgment that the household goods were the separate property of defendant and that the court erred in making disposition of the community property. In this connection defendant testified that the full purchase price of the furniture was paid by her from her separate funds. If the household goods were in fact purchased with community funds, it was the duty of the court to assign the community property to the respective parties "in such proportions as the court, from all the facts of the case, and the condition of the parties, may deem just." (Civ. Code, § 146; *Hellman* v. *Hellman*, 108 Cal.App.2d 588, 593 [239 P.2d 458].) ■ The community property consisted of a house of the approximate value of $7,750, against which there were encumbrances of $3,840. There was also an interest in a service station. The interest in the house was given to defendant and that in the service station to plaintiff. There was no abuse of discretion in the disposition of this property. (*Barham* v. *Barham*, 33 Cal.2d 416, 431 [202 P.2d 289].)

■ Finally, plaintiff contends that the court erred and abused its discretion in making its order requiring plaintiff to pay defendant's attorney $950 attorney's fees on appeal, to pay to the defendant $200 costs on appeal and in ordering plaintiff to pay defendant $65 per month for the support of the child. This contention is likewise without merit. An order for attorney's fees and costs may be made during the pendency

of the action. (Civ. Code, § 137.3.) This power continues during the pendency of an appeal. (*Bruce* v. *Bruce,* 160 Cal. 28 [116 P. 66].) The circumstances of both parties as to financial resources and of plaintiff's ability to pay were before the court and the whole matter rested in its sound discretion. (*Wilder* v. *Wilder,* 214 Cal. 783, 785 [7 P.2d 1032].) Since no clear abuse of discretion was shown, the order of the trial court will not here be disturbed.

The judgment and orders are affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied February 16, 1954, and appellant's petition for a hearing by the Supreme Court was denied March 25, 1954.