[Civ. Nos. 26289, 26471. Second Dist., Div. Four. Dec. 12, 1962.]

VIRGINIA S. OWENS, Plaintiff and Respondent, v. RALPH
E. OWENS, Defendant and Appellant.

John F. Bremer for Defendant and Appellant.

James L. Potts for Plaintiff and Respondent.

BURKE, P. J.—Two appeals involving the same action have been combined in this court. The first is an appeal by the defendant husband from an order granting a writ of execution to enforce payment of certain medical and dental expenses incurred on behalf of a minor child in custody of the plaintiff wife. The second is defendant's appeal from an order granting attorney's fees and costs to plaintiff to resist defendant's appeal from the order granting the writ of execution.

A final judgment of divorce of the parties was entered on January 15, 1953. The parties entered into a property settlement agreement prior to instituting the action providing among other things for payment by defendant of $55 per month child support to plaintiff for each of the two minor children and the following:

". . . [defendant] shall pay all reasonable medical and dental bills of said children as and when due, but as to such bills other than emergency bills he shall be consulted to a choice of physician or dentist before such bills are contracted."

The substance of these provisions was set forth in the interlocutory decree of divorce. Neither the property settlement agreement nor the decree contained any provision for any payments for plaintiff's support.

One of the two children was married at the time the motion for writ of execution was instituted. However, the other child, Ralph E. Owens, Jr., was at that time 20 years old, unmarried, and the claimed medical and dental expenses were incurred for his benefit.

On June 11, 1956, the order for support was modified by increasing the payments for support of Ralph, Jr., to $75 per month.

Plaintiff's affidavit in support of her motion for issuance of a writ of execution states that on or about September 5, 1957, it became necessary for personal and economic reasons for her and Ralph, Jr., to take up residence in Houston, Texas.

On April 24, 1961, the court made an order increasing the support of Ralph, Jr., to $100 per month and providing that defendant pay his reasonable and necessary medical and dental expenses. The former requirement that plaintiff notify defendant before contracting any medical or dental bills was expressly terminated.

On November 10, 1961, plaintiff filed a notice of motion for issuance of a writ of execution to which was attached her affidavit concerning certain medical bills tabulated therein in the sum of $324.50 and covering the period from August 1958 through July 1961. The last two of the bills, together amounting to $71, were incurred after the court order of April 24, 1961. Defendant filed an affidavit in opposition to the granting of this writ. The court granted the writ for each and every medical bill in one lump sum amount. From this order defendant appealed.

Defendant contends that the court was without jurisdiction to issue a writ of execution when (1) there exists no judgment requiring the payment for which the writ is issued, and (2) the plaintiff has not complied with the court's orders.

The essence of defendant's first contention is that the divorce judgment never required him to pay *plaintiff* for medical expenses incurred, and that since the writ of execution order requires defendant to pay plaintiff it exceeds the judgment.

This argument has no merit. ▆▆ The divorce judgment expressly requires defendant to pay the medical and dental

bills and when reasonably construed includes· the requirement that defendant reimburse plaintiff for such expenses when paid by her for services rendered the minor children. The recognized power of the court to protect minor children who are victims of divorce is inconsistent with a narrow construction of the father's obligation to provide for medical services. Accordingly, an order enforcing such obligation is. not in excess of the judgment and is within the court's jurisdiction. (Code Civ. Proc., § 1007; *Hunter* v. *Hunter,* 170 Cal.App.2d 576, 581 [339 P.2d 247].)

 Defendant contends plaintiff has failed to comply with the provision, as it existed before modification on April 24, 1961, calling for consultation of defendant as to his choice of physician or dentist before a bill was contracted. Defendant claims that the consultation, except in emergency, was a condition precedent to his duty to pay.

Conditions precedent are not favored by the law and are to be strictly construed against one relying thereon. *(Schwab* v. *Bridge,* 27 Cal.App. 204, 207 [149 P. 603].) Provisions will not be contrued as conditions precedent in the absence of language plainly requiring such a construction. *(Larson* v. *Thoresen,* 116 Cal.App.2d 790, 794 [254 P.2d 656].)

 In the instant case, to hold the consultation provision to be a condition precedent to defendant's duty to pay medical bills would require a construction of the child support provision of the divorce decree to the prejudice of the child. It shall not be inferred that the plaintiff was free to disregard the provisions of the court order and the corresponding language of their property settlement agreement with respect to her duty to consult defendant as to a choice of physician before incurring medical bills. Her failure to do so, prior to the elimination by the court of such requirement, could well have subjected her to contempt of· court proceedings. Parenthetically, it is to be noted that all of such bills included in the amounts involved in the writ of·execution were incurred after she and her son had moved to Houston, Texas, which while not excusing her from compliance would have justified the court in eliminating the requirement for consultation at an earlier date had an application been made to do so. Also, had contempt proceedings been instituted against plaintiff the change in circumstances brought about by the change in residence would no doubt have been considered by the court.

 Provisions in a property settlement agreement for

support and maintenance of a child are not part of the adjustment of property rights of the parents where they are in a separate paragraph of the agreement (as they are in the instant case) and are obviously for the benefit and use of the child. *(Fuentes* v. *Fuentes,* 188 Cal.App.2d 715, 717 [10 Cal.Rptr. 732].)

There is substantial support in plaintiff's affidavit for the trial court's granting the motion to issue the writ of execution to enforce defendant's duty to pay for medical and dental expenses for his minor son. We find no error in the court's making such order.

With regard to the appeal from the order awarding plaintiff attorney's fees and costs, defendant claims (1) the court did not have sufficient facts before it to properly exercise its discretion, and (2) such award constitutes a modification of the property settlement agreement which is beyond the court's jurisdiction.

The applicable statute governing the awarding of attorney's fees and costs on appeal is section 137.3 of the Civil Code. It provides in part as follows:

"In respect to services rendered after the entry of judgment, upon application by an order to show cause or motion, the court may award such costs and attorney's fees as may be reasonably necessary to maintain or defend any subsequent proceeding therein, and may thereafter upon application as aforesaid augment or modify any award so made."

The trial court has broad discretion in awarding costs and attorney's fees in divorce actions. *(Weil* v. *Weil,* 37 Cal.2d 770, 790 [236 P.2d 159]; *Heilman* v. *Heilman,* 122 Cal.App.2d 771, 777 [266 P.2d 148].) And the court's power to make awards for attorney's fees and costs continues in appellate proceedings. (*Heilman* v. *Heilman, supra; Pope* v. *Pope,* 107 Cal.App.2d 537, 539 [237 P.2d 321].) Such order of the trial court will not be disturbed by the reviewing court unless abuse of discretion is clearly shown. *(Primm* v. *Primm,* 46 Cal.2d 690, 696 [299 P.2d 231]; *Brown* v. *Brown,* 162 Cal.App.2d 314, 319 [328 P.2d 4].) There was no abuse shown here. Ample support for the order is to be found in the affidavits which were before the court.

Defendant's contention that the court lacked jurisdiction to make the award because of the property settlement agreement is similarly without merit.

Defendant claims the award is tantamount to alimony and that plaintiff waived alimony in the property settlement

agreement. In *Allen* v. *Allen,* 138 Cal.App.2d 706, 710-711 [292 P.2d 581], it was held in a child support proceeding that the trial court had power to grant attorney's fees even though the parties had, subsequent to the divorce, entered into agreement by which the wife waived all claims for attorney's fees in any action or proceeding relating to the former marital status or the parties' children.

In *Ott* v. *Ott,* 127 Cal.App. 325 [15 P.2d 897], the court held a property settlement agreement did not release the divorced husband from liability for the wife's counsel fees and costs in opposing his appeal from an order modifying the decree as to children's custody.

The orders appealed from are affirmed.

Jefferson, J., and Ford, J.,* concurred.

---

*Assigned by Chairman of Judicial Council.