[Civ. No. 27691. First Dist., Div. One. Dec. 19, 1972.]

HENRY YAMANISHI, Plaintiff and Appellant, v.
BLEILY AND COLLISHAW, INC., et al., Defendants and Appellants;
REDEVELOPMENT AGENCY OF THE CITY OF SEASIDE,
Defendant and Respondent.

453

## Counsel

Thompson, Thompson & Hollingsworth and David M. Hollingsworth for Plaintiff and Appellant.

Robert J. Williams for Defendants and Appellants.

No appearance for Defendant and Respondent.

## Opinion

**ELKINGTON, J.**—Defendant Collishaw Sprinkler Co., Inc., contracted with the Redevelopment Agency of the City of Seaside to construct a public park on the agency's property. Collishaw Sprinkler Co., Inc., then entered into a subcontract with defendant Bleily & Collishaw, Inc., wherein the latter agreed to undertake certain portions of the work including landscaping, paving and grading. Bleily & Collishaw, Inc. in turn entered into "lower tier" subcontracts with (1) plaintiff Henry Yamanishi for the landscaping of the project, and (2) with Monterey Peninsula Paving & Grading, Inc. for the paving and grading. The subcontracts were prepared by Bleily & Collishaw, Inc. on a form it customarily used. Defendant United Pacific Insurance Company as surety executed a contractor's performance bond which, as relevant here, provided that if Bleily & Collishaw, Inc. "shall

fail to pay for . . . work contracted to be done" by subcontractors, that "it will pay for the same . . . ." The bond also provided that "In case suit is brought upon this bond the said surety will pay a reasonable attorney's fee to be fixed by the court."

Henry Yamanishi and Monterey Peninsula Paving & Grading, Inc. fully performed under their respective subcontracts. Yamanishi was paid $32,329.45 on account of his subcontract, leaving a balance of $5,392.16. Monterey Peninsula Paving & Grading, Inc. was paid $16,199.03, leaving a balance of $2,049.89. Monterey Peninsula Paving & Grading, Inc. assigned its claim to Yamanishi who thereafter commenced this action against Collishaw Sprinkler Co., Inc., Bleily & Collishaw, Inc., and United Pacific Insurance Company on both claims and for reasonable attorney's fees.

After a trial to the court judgment was entered August 20, 1968, adjudging that plaintiff Henry Yamanishi "take nothing by his complaint," and that defendants recover their costs. Yamanishi's appeal from that judgment is one of the appeals presently before us.

During the following year it appears that someone paid Yamanishi the face amount of both claims. He thereafter moved in the action for his reasonable attorney's fees. The court entered an "amended judgment" on August 15, 1969, decreeing that Yamanishi take "judgment against defendants United Pacific Insurance Co., Collishaw Sprinkler Co., Inc. and Bleily & Collishaw, Inc., for attorney fees in the reasonable amount of $2,500 and for costs in the amount of $216.70, . . ." An appeal taken by the three defendants from that judgment has not been dismissed and is still pending before us.

On October 31, 1969, the trial court entered a "second amended judgment" decreeing that Yamanishi "take judgment against defendant United Pacific Insurance Co. for attorney fees in the reasonable amount of $2,500 and for costs in the amount of $216.70, . . ." An appeal from that judgment is presently before us.

I. We first consider Yamanishi's appeal from the judgment which was entered against him on August 20, 1968.

We note that although the judgment tersely adjudges "that plaintiff take nothing by his complaint," a "conclusion of law" on which the judgment is in part based recites, "To the extent that any present claim of Collishaw Sprinkler Co., Inc., against the Redevelopment Agency of the City of Seaside shall include a claim for compensation for that portion of the work described in Conclusion No. II, Collishaw Sprinkler Co., Inc. shall hold

said claim as trustee for Bleily & Collishaw, Inc., and plaintiff herein, with the obligation to prosecute said claim with diligence, and to promptly disburse to the parties entitled thereto any funds received on account of said work."

The parties agree that the judgment of August 20, 1968, was a final determination of the rights of the parties and therefore appealable. Indeed, defendant United Pacific Insurance Co. relies upon such finality in its argument that the trial court had no power a year later to "amend" it by taxing that defendant attorney fees and costs. While we, of course, are not bound by stipulations of appealability, we agree with the parties. Even assuming the quoted conclusion of law to be a part of the judgment, the trial court's determination nevertheless appears to finally adjudge the rights of the parties, leaving nothing further for judicial action and reserving no jurisdiction. (See *Woodman* v. *Ackerman,* 249 Cal.App.2d 644, 646-647 [57 Cal.Rptr. 687].)

At the trial it was conceded that Yamanishi and his assignor Monterey Peninsula Paving & Grading, Inc., had fully performed the obligations to which they had bound themselves. The successful defense rested entirely on paragraph (r) of the subcontracts which recited: "Contractor agrees:

"To pay to the Subcontractor upon receipt of each payment received from the Owner, the portion of said payment allowed to Contractor on account of Subcontractor's work, to the extent of Subcontractor's interest therein less any percentage retained under said General Contract."

No extrinsic evidence was offered bearing on the meaning attached to this provision by the parties. (See *Pacific Gas & E. Co.* v. *G. W. Thomas Drayage etc. Co.,* 69 Cal.2d 33, 37-41 [69 Cal.Rptr. 561, 442 P.2d 641, 40 A.L.R.3d 1373].)

It appeared from evidence and stipulations at the trial that a dispute had arisen between the Redevelopment Agency of the City of Seaside and Collishaw Sprinkler Co., Inc., and Bleily & Collishaw, Inc., over the amount due those defendants on their contracts. The dispute apparently arose, at least in part, out of the untimely completion of the park project and certain extra work for which the agency had been billed. Because of the dispute payments otherwise due were withheld from the contractor defendants.[1]

---

[1]We note that the parties and the trial court made no point of the separate identities of Collishaw Sprinkler Co., Inc., and Bleily & Collishaw, Inc., or of the fact that payments were withheld from Collishaw Sprinkler Co., Inc., which in turn withheld payments from Bleily & Collishaw, Inc. These defendants, apparently closely affiliated, were for the purpose of the action often treated as a single entity.

The trial court concluded that because of the subcontracts' paragraph (r), Yamanishi was not entitled to recover the amounts sought by his action until (1) happening of the "condition precedent" of payment to the contractor defendants of the withheld amounts, or (2) the legal determination (in another action) that such defendants had in fact been paid such withheld amounts. The rationale of the judgment appeared to be that the "condition precedent" of payment to the contractor defendants not having occurred, Yamanishi held no cause of action for the unpaid balance of the subcontracts.

Yamanishi contended in the superior court, and now contends here, that the subcontracts' paragraph (r) did not create a condition precedent. Instead he argues that this provision simply stated the times at which the subcontractors would ordinarily be entitled to progress payments for their work, without any intent that it might operate to deny payment to the subcontractor if the contractor was denied payment through no fault of the subcontractor. In such latter event, it is argued, no specific time for payment to the subcontractor being provided, payment was due upon performance of the subcontract (see *Johnstone* v. *E. & J. Mfg. Co.*, 45 Cal.App.2d 586, 588 [114 P.2d 658]), or within a reasonable time thereafter (see *Bank of America* v. *Engleman,* 101 Cal.App.2d 390, 394 [225 P.2d 597]).

█ Since no extrinsic evidence bore upon the interpretation of paragraph (r) at the trial, its correct construction becomes a matter of law. We are not bound by the trial court's conclusion on that issue; instead we must make our own independent determination. (*Faus* v. *City of Los Angeles,* 67 Cal.2d 350, 360 [62 Cal.Rptr. 193, 431 P.2d 849].)

█ We may assume, at least arguendo, that the contractual provision at issue is reasonably susceptible of the interpretation given it by the trial court and defendants.

But it appears that an equally valid construction would indicate, as Yamanishi contends, a purpose to assure the subcontractor that funds received by the contractor would not be diverted by it, but would instead be timely and faithfully applied toward the subcontract. No other provision being made for time of payment, it would follow that in any event the subcontractor would be paid upon his performance or within a reasonable time thereafter.

Courts should avoid an interpretation which will make a contract "unusual, extraordinary, harsh, unjust or inequitable . . . ." (*Hertzka & Knowles* v. *Salter,* 6 Cal.App.3d 325, 335 [86 Cal.Rptr. 23].) And a contract will not be construed so as to place one party at the mercy of another.

(*Hawley* v. *Orange County Flood etc. Dist.*, 211 Cal.App.2d 708, 716 [27 Cal.Rptr. 478].)

Defendants' interpretation of paragraph (r) would postpone payments earned by a subcontractor, itself without fault, until a dispute between the contractor and the owner is resolved, perhaps months or even years later. Indeed, it gives no reasonable assurance that such a dispute would ever be resolved. While the question is unsettled the contractor continues unobligated to the subcontractor. On the other hand, if the dispute be lost because of the contractor's fault, then surely the contractor must pay his subcontractor creditor from other funds; if won, he must apply all or a substantial part of the money he receives toward his subcontractual obligations. His interest would seem more likely to benefit from *avoidance* of any settlement with the owner. It is unlikely that such a result was intended by the contracting parties. The rules announced in *Hertzka & Knowles* v. *Salter, supra,* and *Hawley* v. *Orange County Flood etc. Dist., supra,* are applicable.

■ Furthermore: "Conditions precedent are not favored by the law and are to be strictly construed against one relying thereon. . . . ■ Provisions will not be construed as conditions precedent in the absence of language plainly requiring such a construction. . . ." (*Owens* v. *Owens,* 210 Cal.App.2d 705, 708 [26 Cal.Rptr. 847].) Such a construction is obviously not demanded here.

■ Yet another consideration is the rule that any ambiguity of a contract should be strictly construed against the party who prepared it. (Civ. Code, § 1654; *County of Alameda* v. *Southern Pac. Co.,* 55 Cal.2d 479, 488 [11 Cal.Rptr. 751, 360 P.2d 327].)

■ Applying these principles we conclude that the construction contended for by Yamanishi is the correct one. Accordingly, the trial court's judgment of August 20, 1968, was erroneous and must be reversed.

II. ■ As we have indicated defendants concede, and we conclude, that the August 20, 1968, judgment appears to have been and was intended as, a final adjudication of the rights of the parties, leaving nothing for further judicial action and reserving no jurisdiction. The amended judgments of August 15, 1969, and October 31, 1969, were designed to change a final judicial determination by allowing Yamanishi his attorney fees and costs. This, the trial court was without power to do. (See *Stevens* v. *Superior Court,* 7 Cal.2d 110, 112 [59 P.2d 988]; 4 Witkin, Cal. Procedure (2d ed. 1971) pp. 3225-3226.) The amended judgments must also be reversed.

The judgment entered August 20, 1968, and the amended judgments entered August 15, 1969, and October 31, 1969, are, and each of them is, reversed. The superior court will enter judgment in favor of plaintiff Henry Yamanishi in accordance with the views herein expressed (less any amounts which may now have been paid upon his pleaded claims), including judgment against defendant United Pacific Insurance Co., for his reasonable attorney fees for services throughout the action and on this appeal. Appellant Henry Yamanishi will recover his costs on appeal from respondents Bleily and Collishaw, Inc., Collishaw Sprinkler Co., and United Pacific Insurance Co.

Molinari, P. J., and Weinberger, J.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.