Noah JOHNSON, an individual,
Plaintiff—Appellant,

v.

HURLEY INTERNATIONAL, a California Corporation esa Hurley International LLC, Defendant—Appellee.

Noah Johnson, an individual,
Plaintiff—Appellee,

v.

Hurley International, a California Corporation esa Hurley International LLC, Defendant—Appellant.

Noah Johnson, an individual,
Plaintiff–Appellant,

v.

Hurley International, a California Corporation esa Hurley International LLC, Defendant–Appellee.

Nos. 02–56182, 02–56268, 02–56475.
D.C. No. CV–01–00162–GLT.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 10, 2003.

Decided Oct. 2, 2003.

Before KLEINFELD, WARDLAW, and W. FLETCHER, Circuit Judges.

## MEMORANDUM*

The district court granted summary judgment to Hurley on Johnson's contract claim because it held that the claim was barred by the Statute of Frauds. The parties dispute whether the evidence presented by Johnson–especially the letter from Hurley CFO Mike Ochsner (the "Ochsner letter")–is sufficient to satisfy the Statute of Frauds. We hold that the letter is sufficient, and therefore reverse.

In order to satisfy the Statute of Frauds, a writing must state with reasonable certainty the terms and conditions of the contract. *Lombardo v. Santa Monica Young Men's Christian Ass'n*, 169 Cal. App.3d 529, 538, 215 Cal.Rptr. 224 (1985). But "[o]nly the essential terms must be stated." *Seaman's Direct Buying Service, Inc. v. Standard Oil Co.*, 36 Cal.3d 752, 762, 206 Cal.Rptr. 354, 686 P.2d 1158 (1984). Under California law, "the few terms deemed essential" are "the subject matter, the price, and the party against whom enforcement is sought." *Levin v.*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Knight,* 780 F.2d 786, 787 (9th Cir.1986). The Ochsner letter stated all of the essential terms with reasonable certainty.

The California Supreme Court has stated, moreover, that the "requirement of a memorandum is read in light of the dispute which arises and the admissions of the party to be charged; there is no need for evidence on points not in dispute." *Seaman's,* 36 Cal.3d at 764, 206 Cal.Rptr. 354, 686 P.2d 1158 (quoting *Restatement (Second) of Contracts* § 131 cmt. c). In this case, the only term disputed by the parties is the duration of the contract. The Ochsner letter states the duration of the contract. Hurley may, however, still seek to establish at trial that the contract was only for a year term and assert other defenses. In any event, the Ochsner letter is sufficient to satisfy the Statute of Frauds.

Johnson additionally made right of publicity claims based on Hurley's use of his image on its website. If Johnson is successful on his contract claim, however, additional recovery for the right of publicity claims would constitute double recovery. We therefore vacate the district court's rulings related to the right of publicity claims, including the damage award and the attorneys' fees award. The district court may revisit these issues as appropriate in light of the ultimate resolution of the contract claim.

REVERSED IN PART, VACATED IN PART, and REMANDED.

Costs to Plaintiff–Appellant Johnson.