**William H. McCULLOCH and Patricia McCulloch, Plaintiffs,**

v.

**The COUNTY OF WASHOE, Charles B. Tolton, Jean A. Tinney and United States Fidelity and Guaranty Company, Defendants.**

**Civ. No. R–82–233 BRT.**

United States District Court, D. Nevada.

Dec. 2, 1982.

G.C. Backus, Reno, Nev., for plaintiffs.

Calvin R.X. Dunlap, Washoe County Dist. Atty., Edward Dannan, Asst. Chief Civil Deputy Dist. Atty., Reno, Nev., for Washoe County and Tolton.

Jean A. Tinney, in pro. per.

George Allison, Carson City, Nev., for U.S. Fidelity.

## ORDER DISMISSING ACTION

BRUCE R. THOMPSON, District Judge.

On July 1, 1982, William and Patricia McCulloch filed this action against Washoe County, Charles Tolton, Jean Tinney, and United States Fidelity and Guaranty Company for violation of their civil rights. The complaint revolves around the allegation that Charles Tolton, a deputy constable, signed an Affidavit of Service declaring that he had served a summons and complaint on both William and Patricia McCulloch when he had not served either one. Because the McCullochs were not served, they did not appear to defend the lawsuit. Consequently, a default judgment was entered against them. The McCullochs contend that the entry of the default based on Tolton's false affidavit has deprived them of property without due process of law. *See United States v. Wiseman,* 445 F.2d 792 (2nd Cir.1971); *Carrasco v. Klein,* 381 F.Supp. 782 (E.D.N.Y.1974).

Under Nevada law a default may be entered when a party against whom relief is sought has failed to plead or otherwise defend the action. N.R.C.P. 55(a). Obviously the entry of default was not, nor could it have been, preceded by a hearing to determine whether the McCullochs were personally served. When a predeprivation hearing is impossible, a postdeprivation hearing may satisfy the requirements of procedural due process. *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). Recognizing this, Nevada has provided a procedure for setting aside a default in situations where the defendant was not personally served. N.R.C.P. 55(c), 60(c). The McCullochs availed themselves of this process by filing a Motion to Vacate Default and Set Aside Judgment on November 15, 1979, and a Supplement to Motion to Vacate Default and Set Aside Judgment on November 23, 1979. The state court never ruled on these motions. Nonetheless, the McCullochs' remedy lies in the resolution of these motions or appellate relief and procedural deficiencies or waivers on the part of McCullochs and their attorney cannot restore a civil rights remedy within federal jurisdiction where none would exist if such available state remedies had been diligently pursued.

The McCullochs' complaint does not allege any constitutional deprivations other than the alleged procedural due process violation. Since entry of the default judgment based on Tolton's allegedly false affidavit did not violate the requirements of due process in the circumstances, the complaint should be dismissed.

This seems to be an ideal situation in which to apply the philosophy of the *Parratt* case. We are concerned with an alleged deprivation of property rights only. Liberty rights are not implicated. Further, the only constitutional infringement relied upon is a deprivation of procedural due process. There was absolutely no opportunity for a predeprivation hearing or inquiry and the state affords more than adequate

postdeprivation remedies which, if properly pursued, will eliminate the possibility of substantial damage.

The following quotation from the *Parratt* opinion is apposite:

Application of the principles recited above to this case leads us to conclude the respondent has not alleged a violation of the Due Process Clause of the Fourteenth Amendment. Although he has been deprived of property under color of state law, the deprivation did not occur as a result of some established state procedure. Indeed, the deprivation occurred as a result of the unauthorized failure of agents of the State to follow established state procedure. There is no contention that the procedures themselves are inadequate nor is there any contention that it was practicable for the State to provide a predeprivation hearing. Moreover, the State of Nebraska has provided respondent with the means by which he can receive redress for the deprivation. The State provides a remedy to persons who believe they have suffered a tortious loss at the hands of the State. See Neb.Rev. Stat. § 81–8,209 *et seq.* (1976). Through this tort claims procedure the State hears and pays claims of prisoners housed in its penal institutions. This procedure was in existence at the time of the loss here in question but respondent did not use it. It is argued that the State does not adequately protect the respondent's interests because it provides only for an action against the State as opposed to its individual employees, it contains no provisions for punitive damages, and there is no right to a trial by jury. Although the state remedies may not provide the respondent with all the relief which may have been available if he could have proceeded under § 1983, that does not mean that the state remedies are not adequate to satisfy the requirements of due process. The remedies provided could have fully compensated the respondent for the property loss he suffered, and we hold that they are sufficient to satisfy the requirements of due process.

*Parratt v. Taylor,* 451 U.S. at 543–4, 101 S.Ct. at 1917.

The court finds that the complaint cannot be amended to state a claim for relief.

In consideration of the premises,

IT HEREBY IS ORDERED that the action entitled above is hereby dismissed.