William H. McCULLOCH and Patricia McCulloch, Plaintiffs-Appellants,

v.

The COUNTY OF WASHOE, Charles B. Tolton, Jean A. Tinney, and United States Fidelity and Guaranty Company, Defendants-Appellees.

No. 83–1593.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 11, 1983.

Decided Nov. 15, 1983.

E. Dannan, Chief Deputy Dist. Atty., Reno, Nev., James A. Stone, Sparks, Nev. Thomas J. Ray, Carson City, Nev., for defendants-appellees.

G.C. Backus, Reno, Nev., for plaintiffs-appellants.

Before DUNIWAY, ALARCON and BOOCHEVER, Circuit Judges.

ALARCON, Circuit Judge:

William McCulloch has appealed from the dismissal of this action for failure to state a cognizable claim for relief under 42 U.S.C. §§ 1983, 1985, or 1986.

I.

On July 1, 1982, McCulloch filed a complaint before the United States District Court 551 F.Supp. 1022 in which he alleged that a civil action was brought against him by United States Fidelity and Guaranty Company in the Second Judicial District Court of the State of Nevada. On August 29, 1979, a deputy constable signed his name to the return claiming to have served William A. McCulloch with a copy of the summons and complaint in the Nevada action.

The federal claim further alleges that William McCulloch was never served with process. On October 17, 1979, judgment was entered in the Nevada state court against McCulloch in the amount of $4,595.00. Prior to the entry of this judgment, McCulloch had no knowledge that the Nevada civil action had been filed. The federal complaint in the instant matter also states that "plaintiffs' reasonable efforts to get the same set aside and determined on the merits have failed."

## II.

Appellees filed a written motion to dismiss this matter in the district court to which was attached a copy of McCulloch's "Motion to Vacate Default and Set Aside Judgment" filed in the State Court November 15, 1979. On November 23, 1979, McCulloch filed a supplement to his motion to vacate default and set aside judgment. According to appellee's motion to dismiss, no further action was taken by McCulloch on his motion to set aside the default judgment. No evidentiary hearing was requested. The Nevada state court did not rule on the motion.

McCulloch filed a written opposition to the motion to dismiss this matter. McCulloch states therein: "There was no evidentiary hearing in the case. That Plaintiffs were never served makes the judgment void and the Nevada Supreme Court would probably so hold *if there ever is a final judgment in the state court action.* It is cheaper to simply let the matter go." (emphasis added)

## III.

It would appear from the record in this matter that McCulloch filed this action in the federal district court prior to a disposition of his motion to set aside the default judgment and before the entry of a final judgment by the Nevada state court.

## IV.

The district court dismissed this matter relying in part on *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). McCulloch contends that the availability of a post deprivation hearing is no defense where a person acting under color of law intentionally deprives a person of his property. This argument is devoid of merit because no deprivation of a property right has been established.

## V.

In *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982) the Supreme Court noted that in addressing a claim that a person has been deprived of property without due process "we must determine whether [the complainant] was deprived of a protected interest, and, if so, what process was due." *Id.* at 428, 102 S.Ct. at 1154.

### A. *No Deprivation of Property*

As noted above, in reviewing the complaint and the papers filed in opposition to the motion to dismiss, it is evident that no final judgment has been entered against McCulloch in the Nevada state court. Thus, McCulloch has failed to show that he has been deprived of his property.

### B. *Due Process was Provided*

*Logan* also teaches us that " 'some form of hearing' is required before the owner of property is finally deprived of a protected property interest." 455 U.S. at 433, 102 S.Ct. at 1156.

The state of Nevada requires that a person who is sued in a civil action is entitled to personal service of summons and complaint. Nevada Rules of Civil Procedure 4(d). When a default is taken against a person who was not personally served with summons and complaint, Nevada Rules of Civil Procedure Rule 60(c) permits the filing of a motion to vacate the judgment. Nevada law provided McCulloch with the opportunity to request a hearing to vacate the default judgment and to obtain a trial on the merits prior to the entry of a final judgment. Nevada affords McCulloch all the process that was due him.

The judgment is AFFIRMED.