[No. A017116. First Dist., Div. One. Dec. 21, 1984.]

BURNIC SLAUGHTER, Plaintiff and Appellant, v.
LEGAL PROCESS AND COURIER SERVICE et al.,
Defendants and Respondents.

1238

1240

COUNSEL

Richard Steiner for Plaintiff and Appellant.

Ronald L. Stefani and Gassett, Perry & Frank for Defendants and Respondents.

OPINION

**HOLMDAHL, J.**—This is an appeal from a summary judgment.

The judgment is affirmed, in part, and reversed, in part.

*Statement of Facts and Procedural History*

From March to August 1980, plaintiff and appellant Burnic Slaughter lived at Sunnyhills Apartments (hereafter Sunnyhills) in Milpitas, California. On May 12, 1980, Sunnyhills filed a complaint in unlawful detainer against appellant, and later hired Legal Process and Courier Service (hereafter Legal Process) to serve process on him.

Horacio Martinez (hereafter Martinez) was a process server employed by Legal Process. He was charged with the task of serving the process. On May 17, 1980, he signed a sworn affidavit of service stating that he had personally served appellant on May 12, 1980, at 7:30 p.m. at the latter's residence.

Between May 4 and May 14, 1980, appellant had been in Seattle with his family. Two days after his return, he found copies of the summons and complaint in his home. They had apparently been dropped through the mail slot and his children, upon their return, had picked them up and placed them upon a table with the rest of the mail. Appellant immediately contacted his attorney, who told him to do nothing but to await proper service. A default judgment was subsequently entered against him.

Appellant filed a motion to set aside the default judgment. At a hearing on the motion, Martinez testified. He identified without a doubt the person that he had served. That person thereafter took the stand and identified himself as Carl Welch. He stated that he had never seen Martinez in his life and that, a few minutes before the hearing, appellant's attorney, whom he also did not know, came up to him in an adjacent courtroom and asked him to sit next to him in the courtroom where the hearing concerning appellant was taking place. The court set aside the default judgment.

Appellant, thereafter, filed a complaint in Santa Clara County Superior Court against Martinez; Legal Process; Sunnyhills; Leo Barnes and Ken McKinnon, the "bonding agents or guarantors" of Legal Process; and Aetna Insurance Company.[1] The complaint alleged the following: Violation of due process rights, unfair competition by Legal Process, Barnes and McKinnon, violation of the Unruh Civil Rights Act and abuse of process by Martinez, Legal Process, Barnes, McKinnon and Sunnyhills; intentional infliction of emotional distress by Martinez, Legal Process, Barnes and McKinnon; negligence by Sunnyhills; and negligent infliction of emotional

---

[1]Aetna Insurance Company is named in the complaint, but not in appellant's pleadings opposing the later motion for summary judgment. Peerless Insurance Company is named in no place in the complaint, and appears first in defendants' motion for summary judgment as the "bondholder and insurer" of Legal Process.

distress by Legal Process, Barnes, McKinnon, and Sunnyhills. Appellant sought general and punitive damages from Martinez, Legal Process, Barnes and McKinnon; damages from Barnes, McKinnon and Peerless to the extent permitted by law or bond; and, injunctive relief against Legal Process, Barnes and McKinnon.

Respondents did not demur to the complaint. Instead, they moved for summary judgment.[2] The trial court granted the motion, and appellant filed a timely notice of appeal.

## Discussion

■ On appeal from a summary judgment, the reviewing court determines whether a triable issue of material fact exists. (*Scott* v. *Farrar* (1983) 139 Cal.App.3d 462, 466 [188 Cal.Rptr. 823].) Where the summary judgment was granted in favor of the defendant, the question is whether there is any possibility that the plaintiff may be able to establish his case. (*Osmond* v. *EWAP Inc.* (1984) 153 Cal.App.3d 842, 850 [200 Cal.Rptr. 674].) The defendants' declarations are construed strictly and those of the responding party, plaintiff, liberally. (*LaRosa* v. *Superior Court* (1981) 122 Cal.App.3d 741, 744-745 [176 Cal.Rptr. 224].) ■ A summary judgment is a drastic procedure, and doubts as to the propriety of granting the motion are resolved in favor of the party opposing the motion. (*Corwin* v. *Los Angeles Newspaper Service Bureau, Inc.* (1971) 4 Cal.3d 842, 851-852 [94 Cal.Rptr. 785, 484 P.2d 953].)

In support of their motion for summary judgment, respondents argued that no triable issues of fact existed on the causes of action for abuse of process, intentional infliction of emotional distress, negligence or negligent infliction of emotional distress. Respondents' motion, however, did not refer to the remaining three causes of action alleged in the complaint.[3] Nor, as noted, did respondents demur to any of the causes of action.

We will determine whether there are triable issues of fact as to the four causes of action challenged by respondents in their motion, after first considering those causes of action not expressly before the trial court. ■ As to these latter causes, we treat the summary judgment as a judgment on the pleadings and we determine whether appellant has stated a cause of action. If none is stated, we need not determine whether a triable issue of fact

---

[2]Except for Sunnyhills, all defendants joined in the motion and were named in the order granting it. Sunnyhills is named in neither.

[3]Notwithstanding, the trial court granted summary judgment "as to all causes of action of the complaint and amendment to complaint." Appellant apparently did not raise this point at the hearing on the motion and has not raised it on appeal.

exists. (See *C. L. Smith Co.* v. *Roger Ducharme, Inc.* (1977) 65 Cal.App.3d 735 [135 Cal.Rptr. 483].)

Thus, we consider first whether appellant has stated causes of action for violation of due process rights, unfair competition, and violation of the Unruh Civil Rights Act.

### *Violation of Due Process Rights*

In his complaint, appellant alleges a violation of his due process rights under the California Constitution.[4]

The issue of whether a process server deprives a named defendant of his constitutional due process rights by failing to serve him properly, then signing a false affidavit, has not been previously decided by the California courts. However, we are aided in our analysis by the reasoning in *Parratt* v. *Taylor* (1981) 451 U.S. 527 [68 L.Ed.2d 420, 101 S.Ct. 1908], cited by neither party.

In that case, an inmate of a Nebraska prison had ordered hobby materials by mail. The packages were lost by prison officials. The inmate then filed an action against the officials under 42 United States Code section 1983.[5] In deciding whether such an action could lie, the Supreme Court stated: "Although [defendant] has been deprived of property under color of state law, the deprivation did not occur as a result of some established state procedure. Indeed, the deprivation occurred as a result of the unauthorized failure of agents of the State to follow established state procedure. There is no contention that the procedures themselves are inadequate . . . ." (*Parratt* v. *Taylor, supra,* 451 U.S. 527, 543 [68 L.Ed.2d 420, 433-434].) The

---

[4]Appellant relies upon article I, section 13. Because he alleges a due process violation and not an unreasonable search or seizure, however, we assume that he meant to refer to article I, section 7, which states in part: "(a) A person may not be deprived of life, liberty or property without due process of law . . . ."

[5]42 United States Code section 1983 provides in part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

Supreme Court also found that a postdeprivation hearing could be sufficient insurance against due process violations.[6]

In the present case, as in *Parratt* v. *Taylor,* appellant has not alleged that the statutory procedures are deficient. Also, unlike in *Parratt,* no deprivation occurred.[7] Appellant successfully availed himself of the opportunity provided by law to set aside the default judgment and to obtain a trial on the merits. The fact that such opportunity was available to him in itself attests to the due process afforded him by the state. The process server's failure to follow state-prescribed procedures which are proper does not constitute a due process violation.

We conclude that no cause of action exists. The granting of summary judgment was proper as to this cause of action.

### Unfair Competition and Unruh Act Violation

■■ ■■ The causes of action for unfair competition and violation of the Unruh Civil Rights Act are clearly meritless. ■■ The former is based upon allegations that defendants Legal Process, Barnes and McKinnon made "unrealistic promises to their customers," "advertis[ed] and communicat[ed] these promises to prospective customers and . . . negligently and haphazardly conduct[ed] their business." They thereby "gained an unfair competitive advantage over other . . . process servers . . . ."

Unfair competition is defined as "unlawful, unfair or fraudulent business practice and unfair, deceptive, untrue or misleading advertising." (Bus. &

---

[6]It is instructive to note that a federal court, on the basis of *Parratt* v. *Taylor,* dismissed a complaint for violation of due process under 42 United States Code section 1983 allegedly caused by a false affidavit of service signed by a deputy constable. (*McCulloch* v. *County of Washoe* (D.C. Nev. 1982) 551 F.Supp. 1022, affd. (9th Cir. 1983) 720 F.2d 1020.) On appeal, the court stated: "McCulloch contends that the availability of a postdeprivation hearing is no defense where a person acting under color of law intentionally deprives a person of his property. This argument is devoid of merit because no deprivation of a property right has been established. . . . Nevada law provided McCulloch with the opportunity to request a hearing to vacate the default judgment and to obtain a trial on the merits prior to the entry of a final judgment. Nevada affords McCulloch all the process that was due him." (*McCulloch* v. *County of Washoe* (9th Cir. 1983) 720 F.2d 1020, 1021.) There are cases holding that a process server deprives a named defendant of his due process rights by signing a false affidavit. (*Carrasco* v. *Klein* (E.D. N.Y. 1974) 381 F.Supp. 782; see also *United States* v. *Wiseman* (2d Cir. 1971) 445 F.2d 792, 796, cert. den. 404 U.S. 967 [30 L.Ed.2d 287, 92 S.Ct. 346]; *Wilkins* v. *Rogers* (4th Cir. 1978) 581 F.2d 399, 405; *United States* v. *Barr* (S.D. N.Y. 1969) 295 F.Supp. 889.) However, these cases were decided prior to *Parratt* v. *Taylor;* and *Wiseman* and *Barr* pertained to the criminal counterparts of section 1983.

[7]We refer here to deprivations of life, liberty or property resulting from the entry of a default judgment and not to damages inherent in the contesting of such a judgment.

Prof. Code, § 17200.) Appellant had the burden of describing a scheme to mislead customers and of alleging that misrepresentations were made conforming to that scheme. (*Committee on Children's Television, Inc.* v. *General Foods Corp.* (1983) 35 Cal.3d 197, 212 [197 Cal.Rptr. 783, 673 P.2d 660].) He did not do so. The facts alleged are insufficient to state a cause of action.

■ As for the claimed violation of the Unruh Civil Rights Act (Civ. Code, §§ 51-53), appellant has not alleged that he was subjected to discrimination on the basis of sex, race, color, religion, ancestry or national origin (Civ. Code, § 51), or alleged any other basis for such a violation. Appellant has not stated a cause of action.

We now determine whether triable issues of material fact exist as to the remaining causes of action, which were expressly the subject of respondents' motion: Abuse of process, intentional infliction of emotional distress, negligence, and negligent infliction of emotional distress.

### *Abuse of Process*

Appellant has alleged abuse of process. ■ This tort essentially consists of a willful misuse of process to accomplish a purpose for which it was not designed. A showing of malice, whether express or implied, is required. (4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, §§ 263, 264, pp. 2538-2539.)

In *Golden* v. *Dungan* (1971) 20 Cal.App.3d 295, 301-302 [97 Cal.Rptr. 577], plaintiffs had sought damages for abuse of process and intentional infliction of emotional distress. The act complained of was service of process at midnight in a boisterous manner, at their residence. Concerning the claim of abuse of process, the court stated: "Analysis of the allegations . . . indicates that it is the manner of service, not the fact of service itself which is the gravamen of plaintiff's alleged cause of action. . . . [G]enerally it is only where process is used to obtain a collateral advantage that an action will lie, e.g., seizure of a second lender's collateral in the hands of a debtor in order to coerce the former to pay the debtor's original obligation. . . . The defendants' satisfaction in the successful accomplishment of their intended vexation, harassment and irritation of plaintiff and his family by the service of process is not the type of collateral advantage which is generally recognized as a purpose for which the process is designed. . . . Attention must be directed to the manner of service. . . . If, because of the manner of service, an actionable wrong arose, it must be attributed to the acts and omissions attendant upon the attempted service, and it does not relate to the process itself."

 Here, as in *Golden,* appellant is challenging the propriety of the method of service, and not the reasons for which he was being served. Neither the allegations in the complaint nor the pleadings in opposition to the motion establish a basis for the collateral advantage required by *Golden* for an abuse of process cause of action. There is no triable issue of material fact. The granting of a summary judgment as to this cause of action was proper.

### Intentional Infliction of Emotional Distress

Appellant has also alleged a cause of action for intentional infliction of emotional distress. This cause of action is predicated upon a showing of extreme and outrageous conduct by the defendant, intended to cause extreme mental suffering. (See 4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, §§ 233, 236, pp. 2513, 2516; *Golden v. Dungan, supra,* 20 Cal.App.3d 295, 305.) Again, we turn to *Golden v. Dungan, supra,* at pages 308-309: " 'It is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery, or whether it is necessarily so. Where reasonable men may differ, it is for the jury, subject to the control of the court, to determine whether, in the particular case, the conduct has been sufficiently extreme and outrageous to result in liability.' " The *Golden* court concluded that plaintiffs in that case had alleged a cause of action to recover for this tort.

In *Golden,* the manner of service not only interfered with the residents' rights to privacy and peaceful occupancy of the premises; it was extreme and clearly implied the intent to inflict emotional distress existed. Here, however, the facts in our view do not permit the inference that Martinez acted with the requisite intent to inflict emotional distress. Nor did his actions as a matter of law constitute the kind of extreme and outrageous conduct which results in liability.

Therefore, we conclude that plaintiff has raised no triable issue of fact as to his purported cause of action for intentional infliction of emotional distress. The granting of a summary judgment as to this cause of action was proper.

### Negligence

 The negligence cause of action against Sunnyhills stems from allegations that Sunnyhills failed to provide Legal Process with an adequate description of appellant. Respondents maintain that no triable issue of ma-

terial fact is raised and that summary judgment was proper as to this cause of action.

We agree with respondents. Even if we were to agree that Sunnyhills owed a duty to appellant to "properly describe" him to the process server, no triable issue of fact exists on the issues of breach of duty or causation. The record before us contains no factual references to this cause of action; in fact, the only mention of this cause of action is the legal conclusion in the complaint that Sunnyhills in an unspecified manner breached a duty owed.

The granting of summary judgment was proper as to this cause of action.

### Negligent Infliction of Emotional Distress

Appellant has also alleged that he suffered emotional distress negligently inflicted by Legal Process, Barnes, McKinnon, and Sunnyhills. ■ The tort of negligent infliction of emotional distress is a variation of the tort of negligence. The traditional elements of duty, breach of duty, causation, and damages apply.

■ Whether a defendant owes a duty of care is a question of law. Its existence depends upon the foreseeability of the risk and upon a weighing of policy considerations for and against imposition of liability. (*Hedlund* v. *Superior Court* (1983) 34 Cal.3d 695, 705 [194 Cal.Rptr. 805, 669 P.2d 41]; *Goodman* v. *Kennedy* (1976) 18 Cal.3d 335, 342 [134 Cal.Rptr. 375, 556 P.2d 737].)

■ It is foreseeable that improper service of process, combined with subsequent falsification of an affidavit, could result in a default judgment against the person served and in emotional as well as financial injury to him. In addition, the policy of encouraging process servers to perform their function responsibly is a sound one, justifying imposition of a legal duty of care towards the individual being served. The judicial system relies upon process servers to ensure that the due process rights of a defendant are protected, and potentially severe consequences are likely to result for a defendant when a process server does not perform his task as prescribed by law.[8] ■ Martinez, therefore, had a duty to appellant to exercise due care to prevent foreseeable injury to him.

---

[8]Thus, while a default judgment based upon a showing of proper service upon a named defendant is subject to challenge, the burden of establishing that the judgment should be vacated is upon the defendant. In addition, even an improperly served defendant may not always be successful in his efforts to set aside the judgment. Further, should the improperly served defendant not act to set aside the judgment, he faces the consequences of its enforcement.

 The elements of breach and actual cause are questions of fact; whether or not they exist is for the fact finder to decide. (*Brummett* v. *County of Sacramento* (1978) 21 Cal.3d 880, 887 [148 Cal.Rptr. 361, 582 P.2d 952, 4 A.L.R.4th 858]; *Musgrove* v. *Ambrose Properties* (1978) 87 Cal.App.3d 44, 53 [150 Cal.Rptr. 722].) We do not determine, therefore, whether Martinez breached his duty to appellant, or whether such breach would have caused appellant's harm. But we do conclude from our review that appellant has stated a triable issue of material fact as to whether Martinez improperly served appellant and signed a false affidavit knowingly; and, if so, whether such acts constituted a breach of duty. Triable issues of fact also exist as to whether such acts were the cause of the default judgment and any injury to appellant.

The question of damages remains. Under traditional principles, recovery for negligent infliction of emotional distress was not permitted without a showing of impact or physical injury. (See 4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, § 548, pp. 2815-2816.) Appellant testified that he suffered no such injury.[9]

 Physical injury, however, is no longer a prerequisite to recovery for emotional distress. "[T]he attempted distinction between physical and psychological injury merely clouds the issue. The essential question is one of proof; whether the plaintiff has suffered a serious and compensable injury should not turn on this artificial and often arbitrary classification scheme." (*Molien* v. *Kaiser Foundation Hospitals* (1980) 27 Cal.3d 916, 929-930 [167 Cal.Rptr. 831, 616 P.2d 813, 16 A.L.R.4th 518].)

 The record before us provides substantiation for appellant's claim of emotional distress. Appellant testified that he "was, you know, upset" at the time that he found the copies of the summons and complaint. He also alluded to later harm incurred as a result of "the piece of paper itself." And, he was "worried" about not "knowing where [he was] going to live." Although this evidence is arguably scant, the question of whether and to what extent the misconduct in question caused emotional distress is best left for the determination of the fact finder. (*State Rubbish etc. Assn.* v. *Siliznoff* (1952) 38 Cal.2d 330, 338 [240 P.2d 282]; *Molien* v. *Kaiser Foundation Hospitals, supra,* 27 Cal.3d 916, 930.) As the court in *Molien* stated: "The screening of claims on this basis at the pleading stage is a usurpation of the jury's function." (*Ibid.*) It would be at the stage of a motion for summary judgment as well.

---

[9]The record includes appellant's deposition, from which the references to appellant's testimony are taken.

We conclude that appellant has raised triable issues of material fact as to breach, causation, and damages as to his cause of action on the theory of negligent infliction of emotional distress.

### Appellant's Responsibility When Served

■■■ We briefly address respondents' contention that, because appellant ignored the summons, he is responsible for any damages he may have incurred. This argument has no merit whatsoever. ■■■ ■■■ Appellant was under no duty to act upon a defectively served summons. The requirement of notice "is not satisfied by actual knowledge without notification conforming to the statutory requirements" (*County of Alameda* v. *Lackner* (1978) 79 Cal.App.3d 274, 282 [144 Cal.Rptr. 840]); it is long-settled that methods of service are to be strictly construed and that a court does not acquire jurisdiction where personal service is relied upon but has not in fact taken place. (*People* v. *Bernal* (1872) 43 Cal. 385; *Wilson* v. *Eddy* (1969) 2 Cal.App.3d 613 [82 Cal.Rptr. 826]; *Lettenmaier* v. *Lettenmaier* (1962) 203 Cal.App.2d 837 [22 Cal.Rptr. 156]; *Sternbeck* v. *Buck* (1957) 148 Cal.App.2d 829 [307 P.2d 970].)

We conclude appellant is chargeable with no fault arising out of the obtaining of the default judgment against him.

### Conclusion

We have concluded that the granting of the motion for summary judgment was proper, except for the stated cause of action for negligent infliction of emotional distress. On this cause of action, appellant has stated triable issues of material fact and the motion should not have been granted.

Appellant's proof at trial may establish that he is entitled to recover compensatory damages. In addition, he may be entitled to lost wages and attorney's fees under the "tort of another" exception to the rule that the attorney's client ordinarily pays his attorney's fees. ■■■ "A person who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third party, is entitled to recover compensation for the reasonably necessary loss of time, attorney's fees, and other expenditures thereby suffered or incurred." (*Prentice* v. *North Amer. Title Guar. Corp.* (1963) 59 Cal.2d 618, 620 [30 Cal.Rptr. 821, 381 P.2d 645].)

In *Ruth* v. *Lytton Sav. & Loan Assn.* (1968) 266 Cal.App.2d 831, 845 [72 Cal.Rptr. 521] (corrected on other grounds (1969) 272 Cal.App.2d 24 [76 Cal.Rptr. 926]), that rule was extended to apply where "a title insurance

company acting as a paid escrow holder negligently and proximately cause[d] a vendor reasonably to protect his interest by suing third parties and the escrow holder . . . ." (Italics omitted.) We see no good reason for refusing to apply this principle to the case at hand, if appellant, because of the negligence of Martinez, had to protect himself in the underlying action and in the present action against Martinez and the other defendants.

Appellant also seeks punitive damages. Punitive damages are recoverable from the person responsible for the wrong where the tortious conduct involves fraud, oppression or malice. (Civ. Code, § 3294.)

"Nonintentional conduct comes within the definition of malicious acts punishable by the assessment of punitive damages when a party intentionally performs an act from which he knows, or should know, it is highly probable that harm will result." (*Ford Motor Co.* v. *Home Ins. Co.* (1981) 116 Cal.App.3d 374, 381 [172 Cal.Rptr. 59]; *Peterson* v. *Superior Court* (1982) 31 Cal.3d 147, 158-159 [181 Cal.Rptr. 784, 642 P.2d 1305].) Under this reasoning, appellant may be entitled to punitive damages by virtue of Martinez's conduct.

Of course, "[t]he determination whether such damages should be awarded, and if so, the amount, is the exclusive function of the trial jury." (*Ferraro* v. *Pacific Fin. Corp.* (1970) 8 Cal.App.3d 339, 351 [87 Cal.Rptr. 226]; *Egan* v. *Mutual of Omaha Ins. Co.* (1979) 24 Cal.3d 809, 821 [169 Cal.Rptr. 691, 620 P.2d 141], cert. den. (1980) 445 U.S. 912 [63 L.Ed.2d 597, 100 S.Ct. 1271].)

Finally, appellant may be entitled to claim damages as allowed by Business and Professions Code sections 22353 and 22357 (permitting recovery against a process server's bond).[10]

Appellant did not name Martinez as a defendant in the cause of action for negligent infliction of emotional distress. Consequently, the question arises whether he may still amend his complaint over four years after it was filed.

First, we note that after a general reversal, the trial court has the same authority to allow amendments as in a case not yet tried, and liberally

---

[10]Business and Professions Code section 22357, subdivision (a) states: "Any person who recovers damages in any action or proceeding for injury caused by a service of process which was made by a registrant and did not comply with the provisions of law governing the service of process in this state may recover the amount of the damages from the bond required by Section 22353."

A "registrant" is a person who must file a verified certificate of registration as a process server if he or she makes more than 10 services of process within this state during one calendar year. The bond required by section 22353 is in the value of $2,000.

to grant leave to amend. (3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 1055, p. 2630.)

Second, the modern rule is that "an amended complaint relates back to the filing of the original complaint, and thus avoids the bar of the statute of limitations, so long as recovery is sought in both pleadings on the same general set of facts." (*Smeltzley* v. *Nicholson Mfg. Co.* (1977) 18 Cal.3d 932, 934 [136 Cal.Rptr. 269, 559 P.2d 624, 85 A.L.R.3d 121].)

A change in the parties will not prevent relation back where no new defendants are brought in for the first time at the time of the amendment. (3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 1071, p. 2647; *Ingram* v. *Superior Court* (1979) 98 Cal.App.3d 483, 492 [159 Cal.Rptr. 557].)

Under the foregoing principles, therefore, we conclude that appellant should be allowed to amend his complaint to add Martinez as a defendant on the stated cause of action, if he chooses to do so.

We affirm the summary judgment as to the causes of action for violation of due process, unfair competition, violation of the Unruh Civil Rights Act, intentional infliction of emotional distress, abuse of process, and negligence. We reverse the summary judgment as applied to the cause of action for negligent infliction of emotional distress. Furthermore, we direct that appellant, if he wishes, be allowed a reasonable opportunity to amend his complaint to add Martinez as a defendant in the cause of action for negligent infliction of emotional distress. We further direct that the existing defendants in that cause of action—and Martinez, should he be added as a defendant—be allowed a reasonable opportunity to answer or otherwise plead to that cause of action.

Racanelli, P. J., and Newsom, J., concurred.

A petition for a rehearing was denied January 18, 1985.