Filed 5/31/23  Hudson v. Debow CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| ARCHER HUDSON,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>D'ARTAGNAN NATHAN DEBOW et al.,<br><br>    Defendants and Respondents. | E078375<br><br>(Super.Ct.No. CIVDS1714152)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Bryan Foster,

Judge.  Affirmed.

Archer Hudson, in pro. per., for Plaintiff and Appellant.

La Follette, Johnson, De Haas, Fesler & Ames, Dennis K. Ames, Michael D. Reid,

Melissa E. Fischer, Stephen J. Guichard for Defendants and Respondents Lester Mohr,

M.D. and Jeff Quigley, M.D.

1

Plaintiff and appellant Archer Hudson (Plaintiff) appeals from the order issued by the trial court entered on November 16, 2021, dismissing his Third Amended Complaint (TAC) as to non-appearing defendants. Plaintiff filed suit against Loma Linda University Health (Loma Linda), Kaushik Mukherjee, M.D. and DOES 1 through 30 for medical negligence stemming from a laparoscopic sigmoidectomy surgery performed on his bowels to remove blockages. Plaintiff claimed that as a result of Dr. Mukherjee's negligence during surgery and postoperative care rendered by staff at Loma Linda, he suffered kidney damage, incontinence and erectile dysfunction (ED). The trial court granted the motion for summary judgment brought by Loma Linda and Dr. Mukherjee, the only responding defendants, on the ground that Plaintiff had failed to establish a triable issue of fact on his medical negligence claim. Plaintiff appealed and this court upheld the trial court's ruling in *Archer Hudson v. Loma Linda University Health* (April 29, 2021, E073636), [non.pub opinion] (Opinion).)

The trial court addressed the remaining defendants named in the TAC by issuing an order to show cause that the TAC would be dismissed against all non-appearing defendants unless Plaintiff showed proof of service on the remaining defendants. These other defendants that are the subject of the instant appeal are D'Artagnan Debow M.D., Patricia Dawley, Linneta Tasker, Lester Mohr, M.D. and Jeff Quigley, M.D. (collectively, Defendants).[1] The trial court dismissed the TAC against Defendants based on Plaintiff failing to properly serve them within three years as required by Code of Civil

---

[1] We note that Dr. Quigley and Dr. Mohr are the only defendants who filed a response in this appeal.

Procedure section 583.210. The trial court also denied Plaintiff's motion for leave to file a fourth amended complaint.

On appeal, Plaintiff contends (I) summary judgment was improper as to Melissa Sasse, Shandra Slate and Dolores Wright; (II) Defendants carried out concealment-fraud on the court; (III) Plaintiff's case was never heard on its merits due to concealment and fraud; (IV) Plaintiff was not given due process of law and a fair hearing; (V) Defendants committed acts of RICO racketeering; (VI) He was denied a medical expert; (VII) It was impossible for Plaintiff to find a medical expert to oppose summary judgment; (VIII) synergism; (IX) his is a case of first impression; (X) his civil rights as to Medicare/as a medical recipient were interfered with; (XI) the doctrine of respondeat superior requires he be allowed to appeal the denial of his motion to file a fourth amended complaint; (XII) Defendants did not comply with the standard of care; and (XIII) any delays in his service of process should be forgiven.

## FACTUAL AND PROCEDURAL HISTORY

A.    FACTUAL HISTORY[2]

Plaintiff, who was 71 years old at the time, went to Loma Linda on June 25, 2016, complaining of abdominal pain and that he had not had a bowel movement for four days. A CT scan of his abdomen was requested and revealed a narrowing of the sigmoid colon with distention of the proximal colon. On June 28, 2016, he underwent a laparoscopic sigmoidectomy with primary anastomosis and lysis of adhesions. Surgery was performed

---

[2] We provide only a brief summary of the facts taken from the Opinion.

3

by Dr. Mukherjee and he was assisted by Dr. D'Artagnan Debow. Dr. Mukherjee summarized the surgery, which included the use of an endo GIA stapler. The first load misfired and resulted in the bowel being cut. The cut was fixed and there were no further complications. Immediately after the surgery, regular bowel function took time to normalize. When Plaintiff regained normal bowel function, he was ready to be discharged. He was on a regular diet at the time of his discharge on July 12, 2016, and was given wound care instructions. Home health care would be provided to help with wound care. He was to return for an appointment in one week.

On July 20, 2016, Plaintiff had a follow-up appointment. He was doing well and did not complain of any complications. He had a home-health nurse who continued to care for his wound and it was recommended that he be provided continued wound care. He was prescribed additional Oxycodone for pain. The incision wound was healing and he was having regular bowel movements. He had another appointment on August 3, 2016. Plaintiff had no specific complaints. He had no problems with the wound. Bowel movements had been loose to solid. He was eating well. The Oxycodone prescription was refilled.

On August 17, 2016, seven weeks after the surgery, Plaintiff complained at a follow-up appointment of alternating diarrhea and constipation. He occasionally had shooting pains in his abdomen. It was recommended he stop taking the Oxycodone as a possible side effect was alternating diarrhea and constipation.

On September 7, 2016, at a follow-up appointment, Plaintiff reported he was eating a regular diet without any problems. His incision was completely healed and his

4

pain was controlled without medication. No further home health care was required. Plaintiff reported episodes of incontinence since the surgery but stated he had experienced intermittent bowel incontinence following a stroke six years prior. Plaintiff had expected it to be better after the surgery.

B.    PROCEDURAL HISTORY

1.    *THIRD AMENDED COMPLAINT*

Plaintiff's original complaint was filed on July 25, 2017. Plaintiff named Loma Linda, Dr. Mukherjee and DOES 1 through 30. The original complaint was dismissed without prejudice and leave to amend after Loma Linda and Dr. Mukherjee filed a demurrer. Plaintiff filed a first amended complaint on December 12, 2017. He named Loma Linda, Dr. Mukherjee and DOES 1 through 30. The demurrer filed by Loma Linda and Dr. Mukherjee to the second amended complaint was sustained in part and overruled in part, with leave to amend. On April 3, 2018, the second amended complaint was filed naming Loma Linda, Dr. Mukherjee and DOES 1 through 30. A demurrer filed by Loma Linda and Dr. Mukherjee was sustained on July 12, 2018, with leave to amend.

On August 9, 2018, Plaintiff filed the TAC against Loma Linda, Dr. Mukherjee and DOES 1 through 30. He insisted that as a result of the surgery, he had kidney damage, incontinence of bladder and bowel and ED. Plaintiff's causes of action included negligence, intentional misrepresentation, "res ipsa loquiter" and negligent misrepresentation. He named the parties as follows: Loma Linda, Dr. Mukherjee, Dr.

5

Debow, Dr. Mohr, Dr. Quigley[3], Shaunda Slaght (RN) and Dawley. Plaintiff alleged he had added Dr. Quigley as DOE 3 on July 10, 2018, and Dr. Mohr as DOE 2 on the same date.

On August 9, 2018, he made amendments to the TAC naming Slaght as DOE 11 and Dawley as DOE 12. He filed further amendments on September 4, 2018, naming Dolores Wright as DOE 13, Linnetta Tasker as DOE 14, and Melissa Sasse as DOE 15. He provided proof of service for the amendments to the TAC filed on August 9, 2018. He served the TAC on attorney "M Fischer LaFollette Johnson."[4] Plaintiff also served the amendments adding DOES 13 through 15 on Fischer.

A demurrer to the TAC was apparently filed by Loma Linda and Dr. Mukherjee. It was sustained as to the second and third causes of action. The only remaining cause of action against the named defendants was medical negligence.

---

[3] The record also shows Dr. Quigley referred to as "Do" but this designation appears to be the type of medicine he practices and not his name. As such, when there is reference to Do in the record, we will presume it is to Dr. Quigley.

[4] This appears to reference Melissa E. Fischer who was an attorney employed by the law firm LaFollette, Johnson, DeHaas, Fessler and Ames (hereinafter, LaFollette). LaFollette has represented several of the defendants throughout this case.

2.	*SUMMARY JUDGMENT MOTION ON TAC, RULING AND FIRST*

	*APPEAL*[5]

Loma Linda and Dr. Mukherjee, who were represented by LaFollette, filed their

notice of motion and motion for summary judgment on the TAC on March 29, 2019

(Motion).  The Motion was based on the fact that defendants complied with the standard

of care required with respect to Plaintiff's care and to a reasonable degree of medical

probability, no act or omission by any of the defendants caused or contributed to

Plaintiff's injuries.  The Motion was based on the declaration of Dr. Moses J. Fallas, the

undisputed material facts and documentary evidence.  Loma Linda and Dr. Mukherjee

argued the declaration from Dr. Fallas supported that the care and treatment of Plaintiff

was within the standard of care.

Plaintiff filed opposition to the Motion.  He also provided his own separate

statement of undisputed material facts and exhibits.  Plaintiff objected to Dr. Fallas's

declaration because he was not present during the surgery, his opinions were hearsay and

he was not qualified.  Plaintiff essentially repeated the facts and allegations from the

TAC.  Plaintiff's legal argument in the opposition was confusing, raising issues of

respondeat superior and res ipsa loquiter.  In conclusion, Plaintiff claimed the attached

exhibits demonstrated a triable issue of fact that Loma Linda and their medical personnel

---

**5** The record in this case contains some of the same documents submitted in case No. E073636.  Plaintiff has requested that we take judicial notice of the case.  We will take judicial notice of the record in the previous case.  We will draw the facts of the proceedings pertaining to the Motion and opposition filed by Plaintiff from our prior Opinion.

did not comply with the standard of care and that he suffered injuries. He requested that the court deny the Motion. Attached to the opposition, Plaintiff included his own declaration that he had personal knowledge of the facts and could testify if called as a witness. He submitted three other exhibits, which include his medical records, laboratory tests and a postoperative report prepared by Dr. Mukherjee.

Loma Linda and Dr. Mukherjee filed a reply to Plaintiff's opposition. They argued Plaintiff was required to show through the use of expert testimony that they breached the standard of care and such breach of the standard of care caused his injuries. Plaintiff had failed to provide an expert or any admissible evidence that would create a triable issue of fact. The only evidence was the declaration of Dr. Fallas, which provided that Loma Linda and Dr. Mukherjee complied with the standard of care required in their treatment of Plaintiff. Plaintiff had failed to prove there was a triable issue of material fact as to the standard of care and causation.

The Motion was granted on June 19, 2019. The trial court submitted its ruling on June 17, 2019, which provided as follows: "After full consideration of the moving papers and oral argument made by counsel at the time of the hearing, the Court finds that moving defendants have shown by admissible evidence and reasonable inferences therefrom that there is no triable issue of fact with respect to defendants. Defendants are entitled to summary judgment as a matter of law as they complied with the standard of care in their treatment of plaintiff, Archer Hudson and that no act or omission on their part caused or contributed to the injury of plaintiff, Archer Hudson." The Motion was granted in favor of Loma Linda and Dr. Mukherjee.

8

Plaintiff filed his appeal in this court and we issued our Opinion on April 19, 2021. We found that the trial court properly concluded that Plaintiff's failure to present an expert was fatal to his claim of medical negligence. We further rejected his other arguments as not being supported by the record, nor proper reference to the record or legal authority.

### 3. *RESOLUTION OF TAC FOR DEFENDANTS*

Prior to the appeal, an order to show cause was issued regarding dismissal of all non-appearing defendants and was to be heard on July 25, 2019. The matter was continued. A predisposition hearing was held on August 14, 2019. The matter was continued so that Plaintiff could serve the remaining defendants (who were not named). On October 2, 2019, the matter was again continued in order for Plaintiff to serve the remaining defendants. The trial court informed Plaintiff that if the remaining parties were not served prior to the next hearing, scheduled for January 15, 2020, the matter would be dismissed.

On December 16, 2019, Plaintiff filed his motion for leave to file a fourth amended complaint. He named as defendants Loma Linda and Dr. Mukherjee. He also named Dr. Debow (DOE 1), Dr. Mohr (DOE 2), Dr. Quigley (DOE 3), Slaght (DOE 11), Dawley (DOE 12), Wright (DOE 13), Tasker (DOE 14), and Sasse (DOE 15). He alleged that all of the defendants had concealed discovery making it impossible for him to prove his case.

9

Attached to the motion for leave to file a fourth amended complaint, Plaintiff provided the proposed fourth amended complaint. Plaintiff also provided a copy of a letter dated October 10, 2018, from attorney Michael D. Reid, who was an attorney at LaFollette, which advised Plaintiff that the law firm did not represent or accept service for Debow, Dr. Mohr, Dr. Quigley, Slaght, Dawley, Wright, Tasker or Sasse. Plaintiff also attached a letter from Fischer dated December 6, 2019, advising Plaintiff that LaFollette was now representing Dr. Quigley, Dr. Mohr, Sasse, Wright and Slaght. Fischer would be filing a responsive pleading to the TAC on their behalf. In addition, Plaintiff provided a proof of service of the motion for leave to file a fourth amended complaint, which was served on Michael Reid.

On December 16, 2019, Plaintiff moved to stay the trial court proceedings pending the appeal of the Motion. Fischer had filed a demurrer to the TAC on behalf of Sasse, Slaght and Wright. LaFollette filed opposition to Plaintiff's motion for leave to file a fourth amended complaint on behalf of Slaght, Wright and Sasse.

On January 15, 2020, the trial court held a hearing. Fischer was present. Plaintiff represented that Defendants had been served. Plaintiff was given time to file the proofs of service. On January 15, 2020, Plaintiff filed a proof of service that showed he sent the TAC to Kent Hansen, who he stated was general counsel for Loma Linda. Plaintiff sent a notice and acknowledgment of receipt. Plaintiff included stamped envelopes for return of the signed notice and acknowledgment. Plaintiff named Tasker, Dawley and Debow in the proof of service. He also submitted another proof of service filed on January 15, 2020. He served it on Fischer. He named Dr. Mohr, Dr. Quigley, Slaght, Wright and

10

Sasse. He served the TAC with a notice and acknowledgment of receipt form and provided a return envelope.

On February 11, 2020, the trial court denied Plaintiff's motion for leave to file the fourth amendment complaint. The trial court also denied Plaintiff's request to stay the proceedings until the appeal was resolved. The matter of dismissal of the non-appearing defendants and the demurrer to the TAC was continued to March 16, 2020. The matter was continued several times to August 16, 2021, which was after the Opinion was filed.

At the August 16, 2021, hearing, the trial court granted a motion for summary judgment that had apparently been filed on May 14, 2021, for Slaght, Sasse and Wright. The dismissal of the non-appearing defendants was continued to November 16, 2021. Judgment on the grant of the summary judgment was signed and filed on September 2, 2021. Notice of entry of judgment was entered on October 7, 2021.

On October 12, 2021, Plaintiff filed another motion to file a fourth amended complaint. Plaintiff sought to amend to provide the names of the DOES as follows: Dr. Debow (DOE 1), Dr. Mohr (DOE 2), Dr. Quigley (DOE 3), Dawley (DOE 12) and Tasker (DOE 14). Plaintiff insisted that Fischer and LaFollette concealed their representation of Dr. Quigley and Dr. Mohr. He also filed opposition to the order to show cause regarding dismissal of the non-appearing defendants and a declaration in support of his opposition. It was nearly identical to the motion for leave to file the fourth amended complaint. He insisted his delays were caused by court closures due to Covid and his own "Covid-like symptoms" for the prior two years. He claimed he had served

11

all named DOES. Once again he attached the letters from Reid and Fischer regarding representation of the DOES.

Stephen J. Guichard, an attorney at LaFollette, filed a declaration as amicus curie in support of the dismissal of Defendants. Guichard declared the TAC had not been properly served because Fischer had not agreed to accept service. Plaintiff was advised on October 10, 2018, that LaFollette did not represent DOES 1 through 3, and 11 through 15. Plaintiff was on notice that he needed to properly serve these parties. Plaintiff instead served a motion for leave to file a fourth amended complaint. Plaintiff had never filed a proof of service as to service of the TAC on Dawley and Tasker. Guichard also declared that Plaintiff had removed Dr. Quigley, Dr. Debow and Dr. Mohr as parties in 2018.

The matter was heard on November 16, 2021. Guichard was present and apparently only represented Loma Linda, Dr. Mukherjee, Sasse, Slaght and Wright. Plaintiff represented to the trial court that all Defendants had been served. Plaintiff's second motion to file the fourth amended complaint was denied.

The trial court entered the following written ruling: "On January 15, 2020, Plaintiff filed two Proof of Service by Mail where [he] indicates he served the Summons on the TAC on Doe Defendants Debow, Mohr, Do [Quigley], Dawley and Tasker by Notice and Acknowledgment of Receipt (2 copies). However, for service to be perfected by Notice and Acknowledgment of Receipt . . . the Acknowledgment must be returned, signed, and dated, by the defendant. (Code Civ. Proc., § 415.30, subd. (c).) The Court file has no executed Acknowledgments from the Non-Appearing Defendants. Thus, the

12

service of the TAC has never been perfected on them. (*Tandy Corp. v. Superior Court (Lekoff)* (1981) 117 Cal.App.3d 911, 913 . . . .) No other proof of service of Summons and TAC exists associated with the Non-Appearing Defendants." The trial court cited to a case supporting that the summons and complaint must be served within three years of filing the action. It further stated, "Defendants Debow, Mohr and Do [Quigley] were named as Does 1-3, respectively on July 10, 2018; Defendant Dawley was named as Doe 12 on August 19, 2018; and Defendant Tasker was named as Doe 14 on September 14, 2018. Three years from the dates they were named are July 10, 2021, August 9, 2021, and September 14, 2021. This litigation is past those dates without Plaintiff properly serving any of them. Thus, per Code of Civil Procedure section 583.250, subdivision (a), since service [was] not completed within 3 years of the Defendant's naming, the action shall not be further prosecuted, no further proceedings shall be held, and the action shall be dismissed by the court whether on its own or by a motion." The court noted that it was mandatory to dismiss for delay in prosecution citing to Code of Civil Procedure section 583.250, subdivision (b). The trial court ordered the TAC be dismissed. Notice of the dismissal was served on Plaintiff on December 7, 2021.

On January 12, 2022, Plaintiff filed his notice of appeal. He appealed from a judgment of dismissal pursuant to Code of Civil Procedure sections 581d, 583.250, 583.360 or 583.430 and an order after judgment pursuant to Code of Civil Procedure section 904.1, subdivisions (a)(3) through (13). He chose to proceed without the oral record.

13

Plaintiff has raised numerous issues on appeal that are either not properly before this court, not supported by adequate legal authority or argument or are incomprehensible. As stated by Defendants, the only issue that must be resolved by this court is if the trial court properly dismissed the TAC on November 16, 2021, on the grounds that Plaintiff failed to properly serve the TAC on Dr. Quigley, Dr. Mohr, Dr. Debow, Tasker and Dawley within three years.

A.        SERVICE OF DEFENDANTS

Plaintiff addresses the service of process in Argument XIII arguing he served Kent Hansen, the agent of service of process for Loma Linda, which was ignored; that La Follette committed concealment and fraud impeding service; and there were numerous reasons for his delay in serving the TAC.

Code of Civil Procedure section 583.210, subdivision (a) provides "The summons and complaint shall be served upon a defendant within three years after the action is commenced against the defendant. For the purpose of this subdivision, an action is commenced at the time the complaint is filed."

A summons and complaint can be served by mail as follows: "(a) A summons may be served by mail as provided in this section. A copy of the summons and of the complaint shall be mailed (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender." (Code Civ. Proc., § 415.30.) Subdivision (c) of Code of Civil Procedure section 415.30

14

provides, "Service of a summons pursuant to this section is deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender." If such acknowledgment is not received by the sender, "the party to whom the summons was mailed shall be liable for reasonable expenses thereafter incurred in serving or attempting to serve the party by another method permitted by this chapter, and, except for good cause shown, the court in which the action is pending, upon motion, with or without notice, shall award the party such expenses whether or not he is otherwise entitled to recover his costs in the action." (*Ibid.*)

"[I]t is long-settled that methods of service are to be strictly construed." (*Slaughter v. Legal Process & Courier Service* (1984) 162 Cal.App.3d 1236, 1251.) The plaintiff has "the burden of proving the facts that did give the court jurisdiction, that is the facts requisite to an effective service." (*Coulston v. Cooper* (1966) 245 Cal.App.2d 866, 868.) "Service of summons in conformance with the mode prescribed by statute is deemed jurisdictional. Absent such service, no jurisdiction is acquired by the court in the particular action." (*Sternbeck v. Buck* (1957) 148 Cal.App.2d 829, 832.) Code of Civil Procedure section 583.250 provides, "(a) If service is not made in an action within the time prescribed in this article: [¶] (1) The action shall not be further prosecuted and no further proceedings shall be held in the action. [¶] (2) The action shall be dismissed by the court on its own motion or on motion of any person interested in the action, whether named as a party or not, after notice to the parties. [¶] (b) The requirements of this

article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute."

Here, the trial court found that the "action commenced" against Dr. Debow, Dr. Mohr and Dr. Quigley on July 10, 2018; it commenced as to Dawley on August 9, 2018; and commenced on September 14, 2018, as to Tasker. The dates of service, therefore, were before July 10, 2021 (for the first three), August 9, 2021, for Dawley, and September 14, 2021, for Tasker. The trial court found on November 16, 2021, that there were no proofs of service nor executed acknowledgments of service filed with the court to show service by mail was completed on Defendants within three years after commencement of the action. Plaintiff also failed to demonstrate he attempted to serve Defendants by an alternative method, such as by personal service or publication. As such, pursuant to Code of Civil Procedure section 583.250 the trial court had to dismiss the TAC against Defendants.

Plaintiff claims he served the TAC by mail on Kent Hansen and that LaFollette committed concealment or fraud by first stating that it did not represent the DOES, then advising him that it did represent them. He cites as authority for his claim the minute order from January 15, 2020. That minute order only provides that Plaintiff claimed to have served Defendants and he was given time to file the proofs of service. He then refers to a proof of service filed on January 15, 2020. It was addressed to Kent Hansen as general counsel for Loma Linda. It provided that the TAC was mailed along with acknowledgements of receipt for Debow, Dawley and Tasker. The other proof of service

16

filed on January 15, 2020, was mailed to Fischer.  It also provided that the TAC was mailed along with acknowledgments of receipt for Dr. Mohr and Dr. Quigley.

This evidence does not support that Plaintiff complied with Code of Civil Procedure section 415.30.  No signed acknowledgements were filed in the trial court and no other types of services were attempted on Defendants.  Regardless of whether Plaintiff could properly serve Defendants by serving Fischer or Hansen, he fails to show that he complied with the directives for service by mail.

Further, Plaintiff cannot excuse his failure to comply with the directives of Code of Civil Procedure sections 415.30 and 583.250.  Even if he could excuse his failure to comply, he does not explicate how any delay caused him to be unable to properly serve Defendants.  Plaintiff clearly knew how to conduct service by mail on Fischer and Hansen during this time.  Further, once he *did not* receive the acknowledgments of service, as stated in Code of Civil Procedure section 415.30, he was entitled to payment of the costs of serving Defendants.  The cost of trying to personally serve Defendants did not prevent service and he could hire someone to conduct service.  Further, even though Fischer and Reid represented initially that they did not represent Defendants, Plaintiff served them with the TAC despite this information.  He did not properly execute service based on the requirements of Code of Civil Procedure section 415.30.  The record supports the trial court's ruling that proper service of the TAC was not made on Defendants and the TAC was mandatorily dismissed.

B.    ADDITIONAL ARGUMENTS MADE ON APPEAL

Plaintiff has raised 12 other arguments on appeal, as set forth *ante*, which are either not cognizable on appeal, are not clear, or he provides no legal authority or evidentiary support for his argument.

"In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record." (*City of Santa Monica v. Adam* (2012) 211 Cal.App.4th 266, 286-287.)  "[W]e may disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt." (*Id.* at p. 287.)  "An appellant must provide an argument and legal authority to support his contentions.  This burden requires more than a mere assertion that the judgment is wrong.  'Issues do not have a life of their own:  if they are not raised or supported by argument or citation to authority, [they are] . . . waived.'  [Citation.]  It is not our place to construct theories or arguments to undermine the judgment and defeat the presumption of correctness." (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)

Plaintiff's Argument I pertains to the grant of the motion for summary judgment in favor of Sasse, Slaght and Wright.  This court ordered on April 11, 2022, that this appeal is limited to the dismissal of the TAC on November 16, 2021, based on the non-appearing parties of Dr. Debow, Dr. Mohr, Dr. Quigley, Dawley and Tasker.  This court also ordered on July 29, 2022, that the appeal would not consider the grant of summary judgment in favor of Sasse, Slaght and Wright.  We will not consider the argument.

18

Plaintiff's Argument II pertains to the allegation of concealment or fraud by LaFollette in first denying it represented Defendants and then later notifying Plaintiff it represented Dr. Mohr, Dr. Quigley, Sasse, Wright and Slaght. Plaintiff also claims that LaFollette denied him discovery in the case. Plaintiff only provides one case citation and refers to records that this court excluded by denying his request for judicial notice to admit the records. As such, he has not supported his claim that he was denied discovery. Moreover, it is equally plausible that LaFollette only represented Loma Linda and Dr. Mukherjee at the beginning of the case, and then were hired by Dr. Mohr and Dr. Quigley. Defendant has failed to show concealment or fraud.

Defendant claims he should be allowed to appeal the denial of his motion for leave to file the fourth amended complaint. However, this court dismissed Plaintiff's appeal from the motion for leave to file a fourth amended complaint on February 28, 2022.

Plaintiff's remaining arguments—Arguments III through XII—all fail to provide any cogent legal argument as to how the claimed errors require reversal of the trial court's order on the dismissal of the TAC for failure to properly serve Defendants. In addition, Plaintiff fails to provide any relevant legal authority to support his claims. He also makes conclusory statements without any proper legal argument. As a result, these claims have been waived. (*Benach v. County of Los Angeles*, *supra*, 149 Cal.App.4th at p. 852.) Plaintiff is not entitled to any special treatment in this regard because of his pro se status. (See *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.)

## DISPOSITION

The judgment is affirmed.  As the prevailing parties, Defendants are awarded their costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
Acting P. J.

We concur:

SLOUGH
J.

FIELDS
J.

20